# SUPREME COURT.

## EDWIN P. GREEN agt. WILLIAM TELFAIR.

A judge has no right to threaten or intimidate a jury, who are unable to agree upon a verdict, in order to affect their deliberations.    Nor should he allude to his own purposes as to the length of time they are to be kept together.    There should be nothing in his intercourse with the jury, having the least appearance of duress or coercion.

A jury, while all *proper motives* to induce them to agree upon a common result, may be repeatedly and earnestly urged upon them, should be left to feel that they act with entire freedom in their deliberations.    That, should they continue to disagree, they are not to be exposed to unreasonable inconvenience; nor to receive the animadversion of the court.

A judge may keep the jury together as long as, in his judgment, there is any reasonable prospect of their being able to agree, but beyond this he is not at liberty to go.

*Greene Special Term, Nov.,* 1853.

MOTION to set aside verdict, &c.

THE action was for libel and slander. It was tried at the Greene circuit in November, 1852. The trial was concluded, and the cause submitted to the jury between two and three o'clock on Saturday afternoon. It was the last cause tried at the circuit. The jury, after having been absent several hours, returned into court, and stated that they were unable to agree upon a verdict, and asked to be discharged. The judge who presided at the circuit, according to the affidavits of the plaintiff's counsel and two of the jurors, which were read upon the motion, stated to the jury that it was very important that they should agree upon a verdict. That the case had excited considerable feeling, which would be increased if they should separate without agreeing; that the very nature of a jury trial implied concession and compromise; that no one juror should control the result, or otherwise the verdict would be the verdict of one man, and not of the twelve; that both parties had taken exceptions to decisions made during the progress of the trial, and it was necessary, before these decisions could be reviewed, that there should be a verdict of some kind; that for five years he had discharged but one jury because they were unable to agree; and he should send the jury out again, and hoped they would agree.

One of the jurors remarked, that he supposed their duties would be at an end, and that they would be discharged at twelve o'clock that night; to which the judge replied, that this was not so; that he was authorized to receive their verdict on Sunday: and besides, that it was his intention to go to Albany by the next train of cars; and if they should not agree before he left, that he would return on Monday and receive their verdict.

Affidavits of two other jurors, and one of the attorneys for the defendant, were read in opposition to the motion; but they did not materially vary the facts above stated.

The jury, after they retired the second time, remained absent

about half an hour, when they again returned into court, and rendered a verdict of six cents for the plaintiff.

The plaintiff moved to set aside this verdict, on the ground of what transpired when the jury came into court, and reported their inability to agree.

LYMAN TREMAIN, *for plaintiff.*
HENRY HOGEBOOM, *for defendant.*

HARRIS, Justice.   It is both proper and commendable, that a judge, after the labor and expense of a trial, should endeavor, by all legitimate means, to secure a verdict.   To this end he may properly urge the jury to engage in their deliberations in a spirit of liberal concession.   He may properly explain to them the theory of the trial by jury; that its object is to give to the parties the united judgment of twelve minds, upon the questions at issue between them.   He may properly invite their attention to the importance, both to the parties and the public, of their agreeing upon a verdict; that thus the time and expense of a re-trial may be saved.   These, and other kindred considerations may, and frequently ought to be urged upon the consideration of the jury, to induce them to make an honest and faithful effort to bring their minds together, and thus agree upon a verdict.

A judge may also keep the jury together as long as, in his judgment, there is any reasonable prospect of their being able to agree; but beyond this, I do not think he is at liberty to go. An attempt to influence the jury, by referring to the time they are to be kept together, or the inconvenience to which they are to be subjected, in case they shall be so pertinacious as to adhere to their individual opinions, and thus continue to disagree, cannot be justified.   A judge has no right to threaten or intimidate a jury, in order to affect their deliberations.   I think he has no right even to allude to his own purposes as to the length of time they are to be kept together.   There should be nothing in his intercourse with the jury having the least appearance of duress or coercion.   The jury, while all proper motives to in-

Green agt. Telfair.

duce them to agree upon a common result, may be repeatedly and earnestly urged upon them, should be left to feel that they act with entire freedom in their deliberations. That, should they continue to disagree, they are not to be exposed to unreasonable inconvenience, nor to receive the animadversion of the court.

In view of these relations, between the court and the jury, it is very evident that my esteemed associate, actuated by a laudable desire to avoid the necessity of another trial, and in his haste to close the circuit, has inadvertently stepped quite beyond the line of duty—when he told the jury that exceptions had been taken by both parties, and that a verdict of some sort was necessary, before a final decision of these questions could be had—it might well have been inferred by the jury, that it was a matter of no great importance what their verdict should be. Perhaps this is the most natural interpretation to be put upon the language of the judge upon this subject. And again, when he told the jury, that for five years he had discharged but one jury, on account of their being unable to agree, it was a significant hint, that though they were then at the close of the circuit, and of the week, yet, however desirable or important it might be for them to return home, they should be kept together until they were able to render a verdict. This intimation was still more distinctly expressed when the judge informed the jury of his intention to return home, leaving them in charge of an officer, and to come back on Monday to receive their verdict. It is not surprising that, though after several hours deliberation, the jury had declared that it was impossible for them to agree, such motives as those to which I have alluded should have the effect to produce a verdict in half an hour. But a verdict thus obtained ought not, I think, to be conclusive upon the parties. It is not what the law contemplates—the free and independent judgment of twelve indifferent men, acting without constraint, and with sole regard to the obligation they had taken upon themselves to render a true verdict according to the evidence.

I think sound policy, and a faithful maintenance of the right

of trial by jury, requires that this verdict should not be allowed to stand. The motion to vacate it must, therefore, be granted. The costs of the motion are to abide the event of the suit.