## RICHTER a. McMURRAY.

*New York Common Pleas, General Term, November*, 1862.

PLEADING.—INSTRUMENT FOR PAYMENT OF MONEY.—FRIVOLOUS-
NESS OF ANSWER.

An answer, denying knowledge or information sufficient to form a belief as to the
allegation of a material fact not presumptively within the defendant's knowl-
edge, cannot be treated as frivolous.*

* In the case of LAWRENCE a. DERBY (*New York Superior Court, Special Term*, 1862), it was *Held*, that, in an action for false imprisonment, the defendants cannot deny knowledge or information as to the allegation that they caused to be issued the writ on which the plaintiff was arrested ; and that an answer to a verified complaint, making that the issue, may be struck out as sham, upon motion, without any additional affidavit in support of the motion.

The action was by Albert G. Lawrence against Freeman, Derby, and others.
The nature of the pleadings are sufficiently stated in the opinion.

*Gunning S. Bedford, Jr.*, for motion.

*Lyon & Porter*, opposed.

ROBERTSON, J.—The complaint alleges that the writ, by virtue of which the plaintiff was arrested, was caused to be issued by the defendants.   The answer alleges that they have no knowledge or information sufficient to form a belief of the allegations of the complaint not therein admitted, or of either or any of them. The defendants must know whether they caused the writ to be issued.   If their intervention be such as to render it doubtful whether it was causing the writ to be issued, they can state what they did, and deny that they in any other way caused it to be issued.   If the facts stated show they did not cause it, a demurrer would determine it in their favor, or they would have the benefit of them, if denied and proved on the trial.

There is no such pleading as a general issue under the present system.   A party is bound to verify his pleading ; and if he does so, and any of his allegations are

Richter *a.* McMurray.

Appeal from a judgment.

This action was brought by Ernest Richter against Henry R. Murray and Robert S. Tait, upon two promissory notes of $111.98 each. · The complaint, omitting formal portions, was as follows :

"*1st.* That there is due to the plaintiff from the defendants, the sum of one hundred and eleven dollars and ninety-eight cents, with interest thereon from May 4th, 1858, on a written instrument, of which the following is a copy, to wit:

---

untrue, the plaintiff has a right to strike out his pleading as sham. (People *a.* McCumber, 18 *N. Y.*, 323.) This case overrules all previous decisions to the contrary. The complaint is sworn to; there is nothing in the answer to contradict it, except the oath of one defendant, that none of them know any thing about it. No additional affidavit is necessary. It is apparent, by the admission on the face of the answer, that it is sham or false.

It is not sufficient to strike out the ignoring of the allegation as to issuing the writ, and leave the rest to stand, because there would be no defence left.

The answer must be stricken out as sham, with $10 costs to the plaintiff; with liberty to the defendants, within ten days, on filing and serving an affidavit of merits, to put in a new answer, on stipulating to allow the date of issue to remain as it now is, and to take short notice of trial.

In an ANONYMOUS case (in the *New York Common Pleas, Special Term*, 1862), it was *Held*, that in an action against the maker of a promissory note, if the complaint alleges that the note was payable to the maker's order, and that he indorsed it generally, and that the amount is due from him to the plaintiff, it is sufficient on demurrer, without also alleging in terms that the note belongs to plaintiff.

The complaint alleged, as a cause of action, a promissory note made by the defendants, payable to order of themselves, and indorsed by them. A copy of the note was set out, and the complaint alleged the amount due thereon to the plaintiff.

Defendant demurred, on the ground that the complaint showed no cause of action.

*W. A. Coursen,* for defendants, cited Lord *a.* Chesebrough (4 *Sandf.*, 696); Ketel-tas *a.* Myers (1 *Abbotts' Pr.*, 403; S. C., 3 *E. D. Smith*, 83); Bank of Geneva *a.* Gulick (8 *How. Pr.*, 51); and urged that the complaint contained none of the elements of ownership.

*Charles H. Smith,* for plaintiff, cited Prindle *a.* Caruthers (15 *N. Y.*, 425).

HILTON, J. (orally).—I have no doubt, that if the note were payable to some third person, the objection that there was no allegation of ownership in the plaintiff would be well taken. But as it is, the complaint is in strict conformity with section 162 of the Code, and must be sustained.

Order accordingly.

" '$111$\frac{98}{100}$                    NEW YORK, *May* 1st, 1857.
" 'Twelve months after date, we promise to pay to the order of Wm. McMurray, one hundred and eleven $\frac{98}{100}$ dollars, at Mechanics' Banking Association, value received.

   (Signed,)     McMURRAY & TAIT.
   (Indorsed,)     WM. McMURRAY.'

" *2d.* And for a further cause of action, that there is due to plaintiff from the defendants, the sum of one hundred and eleven dollars and ninety-eight cents, with interest thereon from May 4th, 1858, on a written instrument, of which the following is a copy, to wit:

" '$111$\frac{98}{100}$.                  NEW YORK, *May* 1st, 1857.
" 'Twelve months after date, we promise to pay to the order of Wm. J. Kerr, one hundred and eleven $\frac{98}{100}$ dollars, at the Mechanics' Banking Association, value received.

   (Signed,)     McMURRAY & TAIT.
   (Indorsed,)     WM. J. KERR.'

" Whereupon the plaintiff demands judgment against the defendants for the sum of $223$\frac{96}{100}$, with interest on the same from May 4th, 1858, besides the costs."

The answer was in these words:
" The defendants have not, nor has either of them, any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the complaint in this action, or either of them of any such allegations."

Mr. Justice Daly ordered judgment for the plaintiffs, on the demurrer, as frivolous. The defendants appealed.

*Samuel F. Freeman,* for the appellants.—I. The answer is good in form. The Code (§ 149) expressly authorizes a general denial of knowledge or information sufficient to form a belief. Such a denial is set up as complete and comprehensive as language can make it.

II. The answer is a good and sufficient answer to the complaint in this action. Whatever may be the interpretation of this complaint, the answer fits it exactly. If it be held that the complaint virtually alleges all the separate facts which are

essential to plaintiff's cause of action the answer denies, or takes issue upon each and every one of those separate allegations, whatever they may be. It may be that the defendants have denied knowledge or information as to their own signature, but they have, at the same time, denied knowledge or information as to the indorsement, delivery, and ownership of the notes in suit; and such a denial has always been allowed. And where a part of an answer is good and sufficient, the whole answer cannot be summarily set aside as frivolous. (See Morrow *a.* Cougan, 3 *Abbotts' Pr.*, 328.)

*C. Bainbridge Smith,* for the respondent, cited Thorn *a.* N. Y. Central Mills, 10 *How. Pr.*, 19 ; *Code of Pro.*, § 162.

BRADY, J.—The answer in this case is sufficient in form. It contains a denial of any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the complaint, or any or either of them. The allegations in the complaint are, that there is a sum due on one note, set out, and then a further sum on another note, also set out. The complaint does not allege that the plaintiff holds notes drawn by the defendants, and indorsed by the payee, which have not been paid, and then demand judgment, but simply alleges that there is an amount due on each note. But, assuming that the complaint is sufficient, I think the answer of the defendants creates an issue, at least as to the indorsement by the payee, and is, therefore, not frivolous. The possession of the note at the trial would not, under the answer, be sufficient to enable the plaintiff to recover.

The judgment for these reasons should, I think, be reversed.

HILTON, J.—I think the answer puts at issue the allegation in the complaint, that the notes sued on were indorsed to the plaintiff.

DALY, F. J., was not present.

Judgment reversed.