MICAH WHITE, Respondent, *v.* ALEXANDER CALDER, Appellant.

It is not error for the judge to refuse to discharge the jury, until they have agreed upon their verdict. Whether or not to discharge them, is a question addressed to his discretion.

*A. J. Parker,* for the appellant.

*Samuel Hand,* for the respondent.

DAVIES, Ch. J. This action was brought to recover the amount of a promissory note, made by the firm of Calder, Dorin & Co. The complaint alleged, that the defendant and one Robert Dorin were a firm doing business under the name, style and firm of Calder, Dorin & Co., and as such firm made, executed and delivered the said promissory note, and that the plaintiff was the owner and holder of the note, and that there was due and owing from the defendant to the plaintiff the amount thereof, with the interest thereon.

The defendant denied that he was a member of said firm of Calder, Dorin & Co., or ever had been, and denied any liability upon said note. The defendant made no objection to any defect of parties, either by way of demurrer or answer, and upon the pleadings, therefore, he was individually liable for the amount of said note, if it were established that he was a member of that firm. There was certainly proof sufficient, on the trial, to have warranted the jury in finding that he was, and on this appeal, we are to assume that the jury so found, and such finding is conclusive upon this court.

The judge, in his charge to the jury, very properly stated, that there were two branches or views to the case: First, whether Mr. Calder, the defendant, was a member of the firm of Calder, Dorin & Co., and that if they should find that he was a member of that firm, and the logs were purchased by Dorin for the firm, that then the plaintiff was entitled to recover. Second, whether the logs were not purchased by

Dorin under the direction, and as the agent of the defendant, and that if the logs were so purchased by him, that then the plaintiff was entitled to recover. To this charge no exception was taken by either party.

There is no question presented for the consideration of this court, in the refusal of the judge to discharge the jury before they had agreed upon their verdict.

It was a matter purely discretionary with him when he would discharge them, and if there was any irregularity committed, an application should have been made to the Supreme Court to set aside the verdict on that ground. Such motions are addressed to the discretion of the Supreme Court, and for that reason cannot be reviewed in this court on appeal. (*Selden* v. *Delaware & Hudson Canal Co.*, 29 N. Y., 634.)

I see no objection to any remark made by the judge, when the jury came into court, and stated that they " had agreed to disagree." They had no legal authority to render any such verdict. They were sworn to render a true verdict according to the evidence. They could only find for the plaintiff or defendants upon the evidence, there being no specific questions submitted to them. The judge therefore very properly refused to receive such a statement as their verdict. It would have been trifling with the administration of justice if he had, as it was thoughtlessness and trifling on the part of the jury to come into court with such a statement. The judge was clearly right in telling the jury that they must deliberate further upon the evidence; that the jury should continue dispassionately to discuss the entire evidence and the distinctions to be drawn from it ; that he did not doubt if they would continue to do so, but that they would eventually agree. That in the mean time, he would see that the sheriff provided as fully for their wants and comforts as he could, while thus engaged. There is no merit whatever in the exception to this direction and charge. The judge but did his duty in explaining to the jury what it was clearly their duty to do, calmly to deliberate upon the evidence, and endeavor to agree upon a verdict, and the expression

of the hope that they would eventually agree was not objectionable. Neither was the direction to the sheriff to provide for the wants and comforts of the jury subject to any criticism, and, as the exception is to the whole direction and charge, it is ineffectual in not pointing out the particular portions of the charge to which it was intended to apply. No lawyer can seriously doubt that portions of it, if not the whole, were eminently proper.

It only remains to consider the last exception contained in the case. The jury again came into court, and being asked by the clerk if they had agreed upon their verdict, announced that they had not, and thereupon one of the jurors asked the justice whether, if a verdict was rendered, it would make the defendant responsible for any other debts which the firm of Calder, Dorin & Co. might owe? The judge then said to the jury, I stated to you last evening that there were two views to the case, and that one was, whether the logs were not purchased by Dorin, and under the direction and as agent of the defendant. To this direction and charge there was an exception.

Now, it is to be observed in the first place, that the counsel of the defendant made no request to the judge that he should answer the question of the juror. And, in the second place, there was no exception to the refusal of the judge to answer the juror's question.

The charge was, in fact, but a repetition of what the judge had previously actually charged the jury, without objection or exception. In fact, he but simply called to their mind what he had charged, and the exception, in its literal sense, is to the fact of thus calling to the mind of the jury what his charge in fact had been. Such an exception cannot be sustained. It was as proper as it would have been to have recalled their attention to the evidence and restated it to them, and have restated his charge to them. These matters are purely in the discretion of the judge presiding at the trial, and are not subject to review in this court. But, if this exception presents for our consideration, which I very much doubt, the soundness of the proposition of law contained in this

part of the charge, then I apprehend that there can be no difference of opinion that, as a proposition of law, it is sound and well justified by authority. It is this: If the jury were satisfied, from the evidence, that the logs were purchased by the defendant, then he was liable for the contract price. As the defendant confessedly did not make the purchase individually, then the real question was, whether Dorin made the purchase under the direction and as the agent of the defendant. If he did, then the defendant was as much bound legally to pay for the logs as if he had made the purchase himself. *Facit per alium, facit per se,* is a familiar and well-established maxim in the law. In whatever aspect, therefore, we regard this exception, it cannot be sustained.

The judgment should, therefore, be affirmed, with costs.

Affirmed.

All the judges concurred except MORGAN, J., who read a dissenting opinion.

Judgment affirmed.