## SUPREME COURT.

### JAMES ERWIN and CLARENCE M. ZEH agt. OSCAR HAMILTON.

*Motion to set aside a verdict on the ground of alleged improper detention of the jury by directions of the court.*

In making a motion to set aside a verdict on the ground of improper detention of the jury by the court, after they had retired to deliberate upon their verdict, it is commendable in counsel to make the motion before the same judge who tried the cause. The affidavits of the jurors upon such a motion cannot be used.

The trial of this cause was finished and given to the jury at about half-past six o'clock P. M., on Friday. In about an hour the jury came into the court room and informed the judge that they were unable to agree. The judge refused to discharge them, and said he would go to supper and return there about half-past eight; that he would then wait a reasonable time for the verdict, and if they failed to agree before the court adjourned for the evening, they could bring a sealed verdict on Monday at half-past three o'clock P. M., to which time the court would adjourn. They were distinctly informed that every provision would be made for their comfort during the time of their confinement, which was possible, and that no juror should yield his conscientious convictions, yet that the interests of justice required a longer deliberation.

The judge attended at court again at half-past eight o'clock, and waited until about half-past ten o'clock P. M. At that time word was sent to the jury that the court was about to adjourn until Monday at half-past three o'clock P. M., and asking them whether they had agreed upon a verdict; word was sent from the jury that they would agree in five minutes; and before the expiration of that time they returned to court and rendered a verdict in favor of the defendant.

Upon the case of *Green agt. Telfair* (11 *How.* 260), the plaintiffs moved to set aside the verdict. The court, on a review of that case, which was like the present, dissented from the reasoning of the judge (HARRIS) at special term, and approved of the course pursued by the judge at the circuit (A. J. PARKER) in the cause, and therefore, as to authority considered it a balanced case; and that this motion should be decided as an original question, there being no other authority produced.

Erwin agt. Hamilton.

It must be left to the good sense and wise discretion of the judge who presides at the trial, to determine how long the jury shall be detained, and what, if any thing, shall be said as to the probable length of the detention.

*Albany Special Term, July*, 1875.

MOTION to set aside verdict for reasons which appear in the opinion.

*Mr. Stiles & Mr. Dewey*, for motion and plaintiffs.

*S. L. Magone*, opposed and for defendant.

WESTBROOK, *J.* — The practice of the attorney and counsel for the plaintiff in moving before the same judge, who gave the alleged erroneous intimation of his intention to the jury, to set aside the verdict deserves special commendation. No judge who is worthy to occupy the place which he fills will hesitate calmly, and without feeling, to review any cause of complaint which respectable counsel deem it their duty to present. Precisely in this spirit, we trust, this motion is entertained and considered.

The affidavits on which it is made state the facts as they occurred. The cause was tried at the Albany circuit on Friday, the 14th day of May, 1875, and was given to the jury about six and a half o'clock P. M. In about an hour the jury came into the court-room and declared they were unable to agree. The judge refused to discharge them, and said he would go to supper and return about half-past eight to the court room ; that he would then wait a reasonable time for the verdict, and if they failed to agree before the court adjourned for the evening, they could bring in a sealed verdict on Monday at half-past three o'clock P. M., to which time the court would adjourn. They were also distinctly informed that every provision would be made for their comfort during their confinement which was possible, and that, while no

juror should yield his conscientious convictions, yet that the interests of justice required a longer deliberation.

The judge attended at court again at half-past eight o'clock and waited until about half-past ten o'clock P. M. At that time word was sent to the jury that the court was about to adjourn until Monday at half-past three o'clock P. M., and asking them whether they had agreed upon a verdict. Word was sent from the jury that they would agree in five minutes, and before the expiration of that time they returned to court and rendered a verdict in favor of the defendant.

The affidavits of the jurors in aid of this motion cannot be received. This is well settled law. Neither are they necessary to present the question made. It is clear, that the jury were kept out, after they had declared their inability to agree, and were also told that the consequence of a failure to agree by a reasonable hour that night would result in an adjournment to Monday. The case is thus identical with *Green* agt. *Telfair* (11 *Howard*, 260), in which, for similar remarks made to a jury, the court, at special term, set aside their verdict. If that case was well decided this motion should prevail.

I have very great respect for the learning and candor of the judge (HARRIS) who made that decision, but after a careful consideration I cannot yield to the soundness of his reasoning. Its value as an opinion is also very much impaired by the fact that the judge (A. J. PARKER) who made the remarks to the jury which were made the grounds of setting it aside, was equally eminent as a jurist, and his opinion, as expressed in the words addressed to the jury, is of equal value with that of his learned brother, who criticises them. The only difference is, that the one may be said to be the hasty utterances of the circuit, and the other those of the calm reflection of the study. Plausible as this may seem, however, it is only plausible. How far a judge should go in the detention of a jury, and what he should say, is necessarily a question upon which, for years, he has thought much. The send-

ing word to a judge by a jury of inability to agree is so frequent and common that reflection upon what he ought to do is a necessity. When a case of that kind occurs, the words which he speaks are but the result of views reached long before, and which he has formed in the retirement of his chambers, as well as amid the bustle of the court-room. Authority, then, depending on the mere weight of judicial opinion, is equal, and as no case at general term or in the court of appeals has been cited, we are left to draw an original conclusion for ourselves.

However beautiful, as a theory, it may be to say, that a verdict is the unanimous judgment of twelve men, unbiassed, or uninfluenced from any source whatever — and such we concede a verdict ought to be — it is found, in practice, that, owing to the infirmities of our nature — passion, prejudice, pride of opinion, &c., what would, at first view, seem to be coercion must be employed by the court in order that the real judgments and opinions may be expressed in the form of a verdict. No court would, by mere physical exhaustion, force a verdict when satisfied that a failure to agree resulted from conscientious difference of judgment as to the weight of evidence; but any court will detain a jury until satisfied that the failure to agree springs from that cause, and that alone. No person can judge so accurately upon this question as he who presides at the trial. From intercourse with a jury he forms some knowledge of the men, and as the evidence is fully before him he must decide conscientiously when they should be discharged, and when his intentions in that respect should be communicated, and until there has been a clear abuse of the discretion committed to him, a verdict should not be disturbed.

If the opinion of judge HARRIS be carried to its logical conclusion, then no verdict obtained after a jury declares its inability to agree could stand. If detained beyond that instant, it cannot be what he calls "the free and independent judgment of twelve indifferent men acting *without con-*

*straint,*" for detention to compel them to deliberate after that point is " constraint." So if the judge at the trial does- what judge HARRIS says is allowable to be done, urge motives for agreement, such as " the importance, both to the parties and the public of their agreeing upon a verdict, that thus the time and expense of a retrial may be saved," is he not then presenting motives outside of the merits of the issues in the cause to induce some one or more of the jury to yield what he, or they suppose to be their judgment upon the merits? And if a jury reports its inability to agree about the hour of adjournment for the night, and the court directs them again to retire, and bring in a sealed verdict in the morning, and a verdict is obtained when the court again assembles, what is this but a verdict obtained by " constraint," and, therefore, not to be upheld? Adopt this rule, and how many verdicts would stand? It is the experience of every lawyer, and every judge that scarcely a verdict could be maintained if *Green* agt. *Telfair* be pushed to its logical conclusion. If the jury are told they must consult for one hour longer, after they declare they cannot agree, or for a night, or for any time, it may be argued that the verdict, if one be obtained, is the result of coercion. For if a jury be told after a decla- ration that it is unable to agree, that it will be detained for consultation for an hour, the same kind of constraint is applied as if they were informed they would be kept out twenty-four. The two differ in the *degree* of constraint only, and any is what renders the verdict useless.

It must, then, be left to the good sense and wise discretion of the judge who presides at the trial to determine how long the jury shall be detained, and what, if any thing, shall be said as to the probable length of the detention. He forms his judgment, as best he can, of the jury, and when they will be in a condition to lay aside all feeling, or pride of opinion, and look at the case upon the merits. So long as there is no abuse of this discretion the verdict should stand.

In this particular cause a result was reached in four hours

and a half. It is true the jury were told they would be, if they failed to agree, detained longer, but the readiness with which they yielded shows how slight were their convictions, and how little had their judgments been impressed in favor of the views they sought to maintain.

Satisfied that no substantial injustice has been done, and no improper "constraint" imposed upon the jury, the motion to set aside the verdict is denied.

As the plaintiff's counsel have the authority of *Green* agt. *Telfair* for their motion, no costs are imposed.