PATRICK JOSEPH CONNERS, an Infant, by Guardian, etc., Respondent, v. WILLIAM WALSH, Appellant.

*Court of Appeals, February 12, 1892.*

1. *Appeal.   Charge.*—A charge, which lays down no erroneous rule of law, though it contains statements which may have influenced the jury, is not reviewable in the court of appeals. In such case, *it seems*, the court below may, in its discretion, set aside the verdict.
2. *Damages.   Exemplary.*—Where an assault is wanton, reckless and malicious, the jury may award more than compensatory damages.
3. *Same.*—The facts, in this case, were held to warrant the jury's giving exemplary damages.

Appeal from judgment of the supreme court, general term, third department, affirming judgment for plaintiff.

*R. A. Parmenter*, for appellant.

*Lewis E. Griffith*, for respondent.

EARL, Ch. J.—On the fourth day of July, 1890, the plaintiff and other boys were playing in one of the streets of the city of Troy, and fearing a police officer ran into and through the yard of the defendant for the purpose of reaching another street.   While making the passage, as the plaintiff and the other boys testified, the defendant, without giving them any warning whatever, or saying anything to them, picked up a large piece of brick and threw it at them, hitting the plaintiff in one of his eyes and severely injuring him. Subsequently this action was commenced to recover damages for the assault, and a judgment was rendered in favor of the plaintiff, which has been affirmed at general term.

Upon the trial there was absolutely no defense to the

action, and the only question for the jury was the amount of damages to be awarded by them.

The trial judge charged the jury in various forms that the defendant's counsel did not claim that there was any defense to the action ; and that the charge was acquiesced in and in no way excepted to.

After the jury had retired and had been out of court for some time deliberating upon their verdict, they came into court and stated to the judge that they had not agreed upon their verdict and that there was no probability of their agreement; whereupon the judge said : " There is but one question for the jury. You have no right to determine whether the defendant is liable or not; he is liable as a matter of law. The only question is how much. Some jury has got to decide it. That is the only question, and that is a question that both sides concede ; it is simply a question of how much. While no man should yield an honest, conscientious conviction, he should be sure that it is an honest, conscientious conviction while he adheres to it, and he should be willing to listen to fair argument on the other side, and to endeavor to arrive at an honest and fair conclusion in the case. I am unable to see any reason whatever why this jury should not agree upon some sum that the plaintiff should have here, because both sides concede that the plaintiff is entitled to something, and the law is and the evidence is that the plaintiff is entitled to something."

The jury then again retired, and upon the next day returned into court saying that they had not agreed; that there was no probability of their agreeing, and that the only question upon which they differed was upon the question of damages. The judge then remarked: " There is something very strange about that ; " and a juror said, " I think so myself." The judge then said: "Any juror who supposes that the plaintiff will not recover in this case some time or other makes a mistake, because sooner or later the plaintiff will have a verdict. The defendant concedes that the plaint-

iff will have a verdict, and is entitled to a verdict. The defendant agrees that the plaintiff must have some verdict, and that is the law. Any juror attempting to do otherwise does not do the defendant any favor, but puts him to a large amount of increased costs, because sooner or later the plaintiff will have a verdict in this case, and upon the concession of the defendant. Jurors have the physical power to disregard the evidence and the instructions of law, but they do the law or the community or justice no credit; quite otherwise." The counsel for the defendant then said: "We interpose an exception to that part of your charge and also to where you say the plaintiff is entitled to smart money." Whereupon the jury again retired, and shortly thereafter returned with a verdict in favor of the plaintiff. The judge had instructed the jury that if they found from the evidence that the act of the defendant was wanton and malicious, they had the right to add to the actual damages which the plaintiff had sustained "something more by way of punishment; damages that are called exemplary, or punitive, or smart money, for the purpose of teaching the defendant that he must not maliciously and wantonly assault a person." It is now claimed that there was no evidence in this case which authorized the jury to give what are called exemplary damages. We think there was. The plaintiff and the other boys, without, so far as the evidence discloses, any mischievous purpose or any design to do any injury to the defendant or his premises, and without actually injuring them or creating any considerable annoyance to him, were passing through his premises, and, without any warning, he threw a large piece of brick at him, inflicting a serious injury upon the plaintiff.

It was competent for the jury to find upon this evidence that the act of the defendant was wanton, reckless and malicious, and therefore to award more than compensatory damages. While the remarks of the judge made to the jury before they retired for the last time, were somewhat urgent, and were well calculated to constrain them to agree upon a

verdict, they did not contain any erroneous rule of law, and therefore the exception to them on the part of the defendant presents no question for review here. While the remarks contained no erroneous rule of law, yet if the court below could see that they improperly influenced the jury, it could in its discretion set aside the verdict. But it has frequently been held that such remarks are not the subject of review in this court. White *v.* Calder, 35 N. Y., 183; Caldwell *v.* N. J. Steamboat Co., 47 id., 283. This case is unlike that of Cranston *v.* The N. Y. C. & H. R. R. R. Co., 103 N. Y., 614; 4 St. Rep., 300. There after the jury had retired to consider their verdict they came into .court, and one of them said that there was no probability of their agreeing. The court replied, "You must get together," adding, "no juror ought to remain entirely firm in his own conviction one way or the other until he has made up his mind beyond all question that he is necessarily right and the others necessarily wrong." It was held that this was not a correct statement of the law; that to sustain the instruction would be to cast upon the defendant in a civil action a burden quite as heavy as that which rests upon the prosecution in the criminal case, and perhaps still more onerous. Therefore we sustained the exception then taken and reversed the judgment. Here the remarks of the judge embody no erroneous rule of law.

The judgment should be affirmed, with costs.

All concur, except MAYNARD, J., taking no part.

---

NOTE.

On exemplary damages, see further Wallace *v.* Williams, 59 Hun. 628; Lewis *v.* Rose, 6 Lans. 206; Van Latham *v.* Libby, 38 Barb. 339; Miller *v.* Adams, 52 N. Y. 409; Nowak *v.* Waller, 56 Hun, 647 ; Purdy *v.* Man. E. R. Co. 36 N.Y. St. Rep. 43 ; Baker *v.* Drake, 53 N. Y. 216; Mann *v.* Barrows, 14 N. Y. St. Rep. 10 ; McGowan *v.* Duff, 14 Daly, 315.