### WILLSON v. MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. FALSE IMPRISONMENT—PROBABLE CAUSE—CONVICTION BY POLICE COURT.
    In an action for false arrest of plaintiff without a warrant, defendant cannot, by a police court conviction, prove a breach of the peace justifying the arrest; the judgment of conviction being in a civil case evidence of its rendition only, and not of the facts adjudged thereby.

2. TRIAL—COERCING VERDICT.
    It is in the discretion of the trial judge to refuse to discharge the jury until they arrive at a verdict.

3. NEW TRIAL—MOTION AT SPECIAL TERM.
    Motion for new trial should be made at a special term of the court of common pleas, and not at a trial term.

4. FALSE IMPRISONMENT—JUSTIFICATION.
    Justification is not available as a defense, unless pleaded.

Appeal from trial term.

Action by George W. Willson against the Manhattan Railway Company for false imprisonment. Judgment for plaintiff. From the judgment, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Joseph H. Adams,* of counsel,) for appellant. *Eugene F. Daly,* for respondent.

PRYOR, J.   Not often does a railroad company appear in court with a case of such moral merit as, in the present action, must be conceded to the defendant.   It is sued for damages incurred, if at all, in attempting to protect its female passengers from indecent assaults; and surely it is entitled to every encouragement in so laudable an endeavor.   Still, unless error be apparent in the record, we have no alternative but to affirm the judgment.   It is admitted that the plaintiff was arrested; and hence the only issues before the jury were whether he was arrested by the defendant, and whether his arrest was unlawful.   We are favored with very elaborate briefs by the respective counsel, and yet the questions for decision are simple, and not of difficult or doubtful solution.   That the plaintiff was arrested at the instigation of the defendant,—that is, by the defendant,—and that he was innocent of the offense for which he was detained, were found by the jury upon conflicting evidence; and we are not of the opinion that the preponderance of proof against these facts is so clear and decisive as to justify us in reversing the denial of a new trial by the learned judge who heard the testimony and observed the witnesses.   From his position he was peculiarly qualified to determine whether the verdict involved a miscarriage of justice; and, although it appears to us of doubtful validity, we do not feel authorized to gainsay the concurrent conclusions of the jury and the presiding judge.   The plaintiff was arrested for breach of the peace, but without a warrant; and the question is, did the occasion authorize the arrest by the defendant without a warrant?   In this state the law is that "if a felony or a breach of the peace has, in fact, been committed by the person arrested, the arrest may be justified by any person without a warrant, whether there was time to procure a warrant or not; but, if an innocent person be arrested upon suspicion by a private individual, such individual is not excused unless such offense has, in fact, been committed, and there was reasonable ground to suspect the person arrested."   *Burns* v. *Erben*, 40 N. Y. 463, 466; *Hawley* v. *Butler*, 54 Barb. 490; *Brown* v. *Chadsey*, 39 Barb. 253, 263; *Holley* v. *Mix*, 3 Wend. 350.

The defendant, then, being justified in the arrest if a breach of the peace had been committed, and there was reasonable ground to suspect the plaintiff of the offense, the inquiry is, had such breach been committed, and was probable cause shown to suspect the plaintiff?   Since the assault, if any, upon the lady was committed by the plaintiff, and he testified that he put his hand on her shoulder with an innocent and even commendable motive, the conflict of evidence raised a question for the jury, and the verdict is conclusive against the appellant that no assault was committed· and, as to the question of probable cause to suspect the plaintiff, it was expressly referred to the jury by the learned trial judge, and that issue, too, the verdict conclusively determines against the defendant.   It follows, therefore, that the defendant failed to justify the arrest.

The police court convicted the plaintiff, and appellant contends that the trial judge erred in refusing to charge that such conviction was evidence of plaintiff's guilt.   The proposition is untenable.   A judgment in a criminal prosecution is admissible in a civil case only to establish the fact of the rendition of the judgment, but is not evidence of the fact upon which the judgment proceeded; that is, of the guilt of the accused.   And this because neither the parties, nor the rules of decision, nor the course of proceedings are identical in the two actions.   1 Greenl. Ev. § 587; 2 Whart. Ev. § 776.   In malicious prosecution, an acquittal of the plaintiff, though an indispensable condition of the action, is not evidence of his innocence between the parties.

Appellant urges, finally, that the trial judge coerced the jury to an agreement on a verdict; but the contention is without support in the record.   "It is not error for a judge to refuse to discharge the jury until they have agreed upon their verdict, and whether or not to discharge them then is a question addressed to his discretion."   *White* v. *Calder*, 35 N. Y. 183.   It is his right,

and his duty even, to exhort the jury to an agreement. Id. 184; *Green* v. *Telfair*, 11 How. Pr. 260; *Erwin* v. *Hamilton*, 50 How. Pr. 32. The motion, moreover, should have been made at special term. Cases *supra*.

We have considered the case as if the points discussed were presented by the pleadings; but, in truth, neither justification of the arrest, nor defendant's responsibility for it, was put in issue by the answer. A denial of knowledge or information whether defendant caused the arrest is nugatory, (*Lawrence* v. *Derby*, 15 Abb. Pr. 346, note;) and justification, to be available, must be pleaded as a defense to the action, (*Brown* v. *Chadsey*, 39 Barb. 253.) It results that the judgment must be affirmed.

Judgment affirmed, with costs. All concur.