JOSEPH S. PRICE, APPELLANT, VS. CARTER BROTHERS & CO., APPELLEES.

REMARKS BY JUDGE—INTIMIDATING JURY.

Where the circumstances in proof in a case are of such a character as to make the proper finding upon the material issue in the case dependent upon the untrammeled determination of the jury upon various hypotheses of fact, it is error for the judge

Price v. Carter Bros. & Co.—Opinion of Court.

to make the following remarks to the jury, for the purpose of correcting the argument of law to the jury by counsel in the cause, *viz*: "The jury must obey the instructions of the court, and if you disobey the instructions of the court you will be guilty of contempt of court, and the court can punish you." There should be nothing in the intercourse of the judge with the jury having the least appearance of duress or coercion.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Appellant.

*R. H. Liggett*, for Appellees.

TAYLOR, C. J.:

Carter Brothers & Co. sued Mary C. Varty in assumpsit upon an account for goods sold in the Circuit Court of Duval county, and, after service of summons upon the defendant, but before judgment, issued and served garnishment process upon the appellant, Joseph S. Price. Price appeared to and answered the garnishment proceeding, denying any indebtedness to Varty and the possession or control of any property belonging to her. The plaintiffs traversed this answer, and upon the issue thus made a trial was had before a jury that resulted in a verdict and judgment for the plaintiffs in the sum of $135.76. From this judgment Price took this appeal prior to the time when the Revised Statutes took effect.

The errors assigned are the giving of various charges by the court to the jury, and the refusal of other charges requested by the defendant. Without any rehearsal of the evidence in the cause, we are of the opinion that the charges *given* were in the main cor-

rect expositions of the law applicable to the facts in proof, and that there is no reversible error in them. Neither was there any error in refusing to give the instructions requested by the defendant. The circumstances in proof, however, are of such a character that it was purely a question of fact for the untrammeled determination of the jury as to whether Price was chargeable with fraud, if any was intended by the Vartys. In view of this and the further fact that the rendition of a proper verdict in the case depended upon the jury's untrammeled solution of various hypotheses of fact, that it was their exclusive province to deal with, the following charge or remarks by the judge to the jury was error, and necessitates a reversal of the judgment, *viz*: "The jury must obey the instructions of the court, and if you disobey the instructions of the court you will be guilty of contempt of court, and the court can punish you."

In the leading case of Green vs. Telfair, 11 How. Pr. 260, it is said: "A judge has no right to threaten or intimidate a jury in order to affect their deliberations. I think he has no right even to allude to his own purposes as to the length of time they are to be kept together. There should be nothing in his intercourse with the jury having the least appearance of duress or coercion. The jury, while all proper motives to induce them to agree upon a common verdict may be repeatedly and earnestly urged upon them, should be left to feel that they act with entire freedom in their deliberations. That, should they continue to disagree, they are not to be exposed to unreasonable inconvenience, nor to receive the animadversion of the court." The remark of the judge here tended strongly to embarrass the jury with the idea that their findings in the case

was a question of *obedience* to the instructions of the court, instead of a proper and untrammeled solution by them of the facts, accompanied by the fear that if they did not *obey* such instructions they would be punished. We can hardly conceive a case where the proper observance and application by a jury of the instructions of law from the court are dependent upon their findings upon divers hypotheses of fact, when the word "obey" can properly be applied in connection with their observance of such instructions, unless it be a case where, under the statute, it is proper for the judge to give an affirmative charge instructing the jury expressly to find for one or the other of the parties. In the bill of exceptions it is stated that this remark was made to the jury because of the garnishee's counsel having argued law to the jury. It would have been well, under these circumstances, for the judge to have cautioned the jury that they must get the law of the case from the instructions given them by the court, and not from the arguments of counsel; but it was erroneous, under the circumstances, to threaten them with punishment as for contempt of court if they did not "obey" the court's instructions.

For the error found the judgment appealed from is reversed and a new trial ordered.