BYRNE v. HEGEMAN et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. ACTION ON NOTE—FRIVOLOUS ANSWER.
   In an action against the maker and indorser of a promissory note, an answer by the maker, denying knowledge or information sufficient to form a belief as to the material allegations of the complaint, except the making of the note, and an answer by the indorser denying in the same manner except as to the making, indorsement, and transfer to plaintiff, cannot be stricken out as frivolous. Code Civ. Proc. § 500.

2. MOTION FOR JUDGMENT—FRIVOLOUS ANSWER.
   A motion for judgment upon an answer as frivolous does not survive the subsequent due service of an amended answer, even though the latter is substantially the same as the original.

3. SAME—AMENDED ANSWER.
   If, in such a case, the amended answer is interposed for delay, or not in good faith, the plaintiff's remedy is by a new motion to have it stricken out, under Code Civ. Proc. § 542.

Appeal from special term.

Action by William M. Byrne against Adrian T. Hegeman and Robert T. Mitchell. From an order overruling the answers of defendants as frivolous, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Albert V. B. Vorhees, Jr., for appellants.
R. M. S. Putnam, for respondent.

O'BRIEN, J.　The complaint alleges:　First, that the defendant "Adrian T. Hegeman made his promissory note, * * * whereby he promised to pay to the order of the defendant Robert T. Mitchell * * *, and delivered the same for value"; second, that thereafter, and before maturity, the defendant Robert T. Mitchell indorsed and transferred the said note to the plaintiff for value; third, that the said note was duly presented for payment at the time and place named therein, and payment was refused, whereupon said note was duly protested for nonpayment,—of all which due notice was given to the defendant Mitchell; and, fourth, that the said note remains wholly unpaid.　With the exception of some merely verbal changes, the amended answers of the defendants are substantially like the original answers; and, as the former were before the court on the motion below, we may properly refer to the amended answers in determining whether or not they are frivolous.　The defendant Hegeman, in his amended answer, denies, first, any knowledge or information sufficient to form a belief as to the allegations contained in paragraph second of the complaint, and in similar form he denies the allegations in the third and fourth paragraphs of the complaint.　The defendant Mitchell uses the same form of denial with respect to the third and fourth paragraphs of the complaint.

Taking the provisions of Code Civ. Proc. § 500, which define what an answer must contain, and apart from any impressions as to these answers being interposed for delay, or as to their being sham, it is clear that they are not frivolous.　By that section it is provided that the answer must contain "a general or specific denial of each material allegation of the complaint, * * * or of any knowledge or information thereof sufficient to form a belief."　In the form prescribed by the Code, these answers therefore tender the general issue as to material allegations of the complaint; and we know of no authority which sustains the view that a general denial can be stricken out as frivolous.　On the contrary, there is ample authority for the position that an answer which denies knowledge or information sufficient to form a belief as to material allegations of the complaint is good, and cannot be treated as frivolous.　Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669; Richter v. McMurray, 15 Abb. Prac. 346.　These and many other cases that might be cited are clearly distinguishable from the one relied upon by the learned judge below, of Bank v. Hudson, 8 App. Div. 27, 40 N. Y. Supp. 1018, which was an action on a promissory note against the maker, the payee, and the alleged indorser.　It was therein held that the answer of the maker, as construed by the court, was not a denial of the indorsement and transfer of the note, but merely a denial that such indorsement and transfer were for value, which was held to be an immaterial averment.　So it will be seen that the question there presented was entirely different from the one here under review, which is whether an answer denying knowledge or information sufficient to form a belief

as to material allegations can be overruled as frivolous.   We think not.

We have discussed the question as though the motion for judgment survived the service of the amended answers.   We think, however, that after such service the amended answers were substituted for the original answers, and that any motion made upon the original pleadings before the service of the amended answers thereupon fell.  ' If the amended answers were interposed for delay, or not in good faith, the plaintiff could have applied under section 542 of the Code to have them stricken out.   But, as the defendants amended their answers, as authorized by the section cited, if either party desired to move upon the pleadings after amendment, it was necessary that a new motion should be made.

The order being erroneous, therefore, it should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.