to the plaintiff the license or tax certificate for the year 1897 to 1898 was not in existence. The mortgage did not, at the time of its execution, create a lien on the certificate, because that was not in esse; at most it operated as a contract to give a lien. This is effectual in equity as between the parties when the property comes into existence and no rights of creditors or innocent third parties intervene. Kribbs v. Alford, 120 N. Y. 519, 24 N. E. 811; Deeley v. Dwight, 132 N. Y. 59, 30 N. E. 258. We do not understand, however, that such a contract gives any legal title or lien cognizable in a court of law as the foundation of a cause of action (Hale v. Bank, 49 N. Y. 626), though unquestionably it could be set up as a defense, since equitable defenses are, under the present system, admissible in legal actions. McCaffrey v. Woodin, 65 N. Y. 459. In Hale v. Bank, as in the present case, the lien sought to be enforced was on subsequently acquired property. There Judge Allen said:

"Very likely the action cannot be maintained as a common-law action of trover, although it is not necessary to pass upon that question. That action can only be brought by one having the legal title, either as a special or a general owner,—one having the legal right to the possession."

But there is a further difficulty in this case. The tax certificate is not a chattel, but a chose in action. Niles v. Mathusa, 20 App. Div. 483, 47 N. Y. Supp. 38. The recovery of the piece of paper on which the license is written would be of no advantage to the plaintiff. In its complaint it alleges a demand on the defendant Burns for an assignment of the certificate, and Burns' refusal. The city court of Yonkers has no power to compel Burns to execute any assignment. Therefore, even if an action of replevin would lie in the case of an equitable lien on a chattel, it cannot be maintained in the case of a chose in action.

We are further of opinion that the decision of the city judge was correct on the merits. Equity will only enforce a lien on subsequently-acquired property where superior equities of third parties have not intervened. In this case, as Ringler & Co. advanced the very money which paid for the tax license or certificate in suit, their equity was paramount to that of the plaintiff's.

The judgment appealed from should be affirmed, with costs. All concur.

---

(24 Misc. Rep. 300.)

STOCKTON v. KENNY.

(Supreme Court, Special Term, Ulster County. July 20, 1898.)

ACTION ON NOTE—FRIVOLOUS ANSWER.
    In an action on a note against the maker, an answer denying knowledge or information sufficient to form a belief is not frivolous.

Action by Sandford D. Stockton against Michael F. Kenny. Motion to strike out defendant's answer as frivolous denied.

Arthur C. Connelly, for the motion.
Michael F. Kenny, in pro. per.

CLEARWATER, J.   The action is upon a note alleged to have been made by the defendant, a lawyer, to the order of the plaintiff. The answer denies any knowledge or information, sufficient to form a belief, as to the truth of any of the allegations contained in the complaint.   The pleadings are verified.   The plaintiff moves to strike out the answer as frivolous, and for judgment on the pleadings, claiming that, as the defendant is charged with making the note, he knows whether he made it or not, and a denial of any knowledge or information sufficient to form a belief as to the truth of the allegation that he did make it is frivolous.   The answer may be false, but it is not frivolous, within the construction given to that expression by the decisions under the Code.   Shearman v. Central ° Mills, 1 Abb. Prac. 187, cited by the plaintiff, and the earlier cases to the same effect are now regarded as overruled.   The modern and present rule is that a general or specific denial which raises a material issue cannot be stricken out when pleaded in a form permitted by the Code.   The denial here is in the prescribed form, and that which is legally permissible cannot be regarded as frivolous. Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457, is a fair example of the later cases to which I refer, and was affirmed by the court of appeals in 115 N. Y. 650, 21 N. E. 1118.

The motion is denied, but without costs.