(39 App. Div. 424.)

# HILL v. WARNER.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

ACTION ON APPEAL—FRIVOLOUS ANSWER.

> An answer, in an action on an appeal bond, which alleges want of information or knowledge sufficient to form a belief as to whether plaintiff. served notice of the entry of judgment on defendant's attorney 10 days before suit commenced, as provided by Code Civ. Proc. § 1389, cannot be regarded as frivolous.

Appeal from special term, Erie county.

Action by Thomas Hill, Jr., against Abram L. Warner, as executor of the will of Sarah L. Warner, deceased, impleaded, etc. There was a judgment for plaintiff, and defendant appeals. Reversed.

The allegations of the complaint pertinent to this motion show that on the 16th day of September, 1895, the plaintiff recovered a judgment in the superior court of Buffalo against the defendant, Abram L. Warner, for $5,612.92; that an appeal was taken from this judgment, and the usual undertaking given to stay execution, which was duly executed by Sarah Warner and Henry Weill; that this judgment was affirmed in the appellate division; that a written notice of the entry of judgment of affirmance was served upon the appellant's attorneys in that action, and also upon the sureties, more than 10 days preceding the commencement of this action; that no part of the judgment has been paid; and that the said Sarah Warner died leaving a last will and testament, in which all of the defendants, with the exception of Weill, were named as executors, and are now acting in that capacity, pursuant to letters testamentary issued to them out of the surrogate's court of said county. The judgment debtor, Abram L. Warner, answers as executor, alleging "that he has no knowledge or information sufficient to form a belief as to whether or not the plaintiff in the action of Thomas Hill, Jr., against Abram L. Warner, and in this action, more than ten days before the beginning of this action, caused to be served upon the attorneys for Abram L. Warner a written notice of the entry of the judgment of the appellate division of the supreme court, affirming the judgment of the late superior court of Buffalo, as alleged in the complaint, and therefore denies the same." And the answer also contains a denial, similar in form, of the averment in the complaint, alleging that no part of the judgment has been paid. The motion was made solely on the ground that the answer was frivolous.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Edward S. Jellinek, for appellant.

Simon Fleischmann, for. respondent.

SPRING, J. It was essential for the plaintiff to aver that notice of the entry of the judgment was served upon the attorney for the appellant, and also upon the sureties. Code Civ. Proc. § 1389; Porter v. Kingsbury, 71 N. Y. 588; Rae v. Beach, 76 N. Y. 164; Chilson v. Howe (Sup.) 5 N. Y. Supp. 780. The defendant, therefore, could put this fact in issue, and his answer does this by an allegation conforming to the requirements of the Code. Such an answer cannot be overruled as frivolous. Trumbull v. Ashley, 26 App. Div. 356, 49 N. Y. Supp. 786; Bennett v. Leeds Mfg. Co., 110 N. Y. 150, 17 N. E. 669; Byrne v. Hegeman, 24 App. Div. 152, 48 N. Y. Supp. 788; Stockton v. Kenney, 24 Misc. Rep. 300, 52 N. Y. Supp. 1006. The truth or falsity of the answer cannot be determined upon this motion. The vice of a sham answer is its falsity, and a defense of that

kind can be stricken out on motion. Code Civ. Proc. § 538. A frivolous pleading is one which, on inspection, is inherently bad; that is, it contains no defense. While it may be quite apparent that the pleading is interposed to gain time, the court cannot say, on a bare examination of it, that this denial of a material allegation of the complaint is made for that purpose. Issues raised in a permissible manner cannot be disposed of in that summary way.

The order is reversed, with $10 costs and disbursements. All concur.