PERCY T. JONES, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Action for money had and received on the executed rescission of a transaction involving the purchase of a guaranteed mortgage certificate, where that certificate described the property covered by the mortgage involved as owned by a specific mortgagor, which property was not in fact entirely owned by that mortgagor. Judgment for the plaintiff, as amended, unanimously affirmed, with costs. There was implicit in the transaction a representation that the certificate that was to be delivered in connection with the receipt for money received from the plaintiff would evidence a participation in the mortgage covering property described therein and wholly owned by the mortgagor. That representation was incorrect and it was immaterial whether it was innocently made or not. The representation being untrue, upon discovery thereof the right to rescission arose in plaintiff. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

ARTHUR MILLER, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION and ALBERT CHATTERTON, Appellants, and CHARLES JOHNSON, Defendant.— In an action for false imprisonment and malicious prosecution it appeared that two police officers, assigned to special duty for the corporate defendant, witnessed acts committed in their presence, resulting in a charge against the plaintiff for disorderly conduct. He was subsequently acquitted before a magistrate. The court charged that as to the issue of false imprisonment the acquittal was conclusive, and the only question was one of damages. This prevented the appealing defendants from submitting to the jury the issue of justification for the arrest upon the ground that the arresting officers had reasonable ground for the arrest, and that it was made in good faith and without evil design; and constituted error. Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event, on authority of Schultz v. Greenwood Cemetery (190 N. Y. 276), Hopner v. McGowan (116 id. 405), and Freedman v. New York Soc. for Suppression of Vice (248 App. Div. 517; affd., 274 N. Y. 559). In our opinion the action is without fundamental merit and barely presents a question of fact. The defendant should not be discouraged in its attempt to prevent such practices in its stations, which led to the arrest of plaintiff. Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.