SAMUEL MARKS, Respondent, *v.* BALTIMORE & OHIO RAILROAD COMPANY, Appellant, et al., Defendants.

First Department, June 8, 1954.

*Julius S. Christensen* of counsel (*Robert Schwebel,* attorney), for appellant.

*Joseph T. Keller* of counsel (*Hendler & Keller,* attorneys), for respondent.

CALLAHAN, J. The question presented is the sufficiency of the corporate defendant's separate and complete defense. A second partial defense in mitigation of damages is also pleaded, which is not attacked.

The action is one for false imprisonment. Plaintiff's complaint alleges that while a passenger on corporate defendant's train, he was arrested and removed from the train at a town in West Virginia upon the direction of defendant's conductor and a private detective in the defendant's employ, and charged with

being intoxicated in a public place. He asserts his innocence of the offense and the dismissal of the charge by the Justice before whom he was arraigned.

The defense under consideration pleads that defendant believed and had just cause to believe that plaintiff was guilty of the offense, and that it was actuated by no malice. The defense then goes on to describe plaintiff's actions, stating that plaintiff, while on the train, had in his possession a bottle of whiskey, of which he consumed portions in the presence of others; that there was an odor of whiskey about; that the plaintiff was grossly intoxicated, and, in the presence of the arresting employees, acted in a loud and boisterous manner, used abusive language, and became noisy, riotous and disorderly; that on complaint of passengers defendant's employees apprehended plaintiff or caused him to be apprehended; and that all of said acts of defendant were in good faith, without malice, and actually believing that plaintiff was guilty of the offense charged.

Thus it will be seen that defendant has alleged that plaintiff was actually intoxicated in a public place and in the presence of those making the arrest. These facts, however, are made part of a plea of lack of malice and the existence of probable cause.

The action being for false imprisonment, malice is not an essential element of plaintiff's cause of action. A defense of justification would be one asserting the legality of the arrest. If the arrest had occurred in New York, its validity would depend on statute. The offense being a misdemeanor, an arrest without a warrant would depend on the actual commission of the offense in the presence of those making the arrest. This would be so whether the arrest was made by a peace officer or a private citizen. (Code Crim. Pro., § § 177, 183.) The existence of probable cause, therefore, would have no relevancy in a case like the present. (*McLoughlin* v. *New York Edison Co.,* 252 N. Y. 202; *Snead* v. *Bonnoil,* 166 N. Y. 325; *Johnston* v. *Bruckheimer,* 133 App. Div. 649; *Sanders* v. *Rolnick,* 188 Misc. 627, affd. 272 App. Div. 803.) We are not dealing with an arrest for a felony in New York by a peace officer where, under the statute, the existence of reasonable cause to believe that the person arrested was the one guilty of a felony, which, in fact, had been committed, might be material (Code Crim. Pro., § 177).

We do not have any plea here as to the law of West Virginia with respect to the right to make an arrest. The rule in that State as to the insufficiency of a plea of lack of malice as a defense in an action for false imprisonment would seem to be

the same as in New York (see *Noce* v. *Ritchie,* 109 W. Va. 391; *Johnson* v. *Norfolk & Western Ry. Co.,* 82 W. Va. 692, and *George* v. *Norfolk & Western Ry. Co.,* 78 W. Va. 345).

If the defendant wishes to plead a complete defense, it would seem necessary that it set forth the West Virginia law defining the right to make an arrest for the offense involved, and facts showing that the arrest was in compliance therewith.

The acquittal of plaintiff would not, in and of itself, warrant a recovery of damages for false imprisonment, if defendant can show that the arrest was legally justified (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Miller* v. *New York R. T. Corp.,* 251 App. Div. 840).

We need not now determine what, if any, probative force the acquittal of the criminal charge would have, prima facie or otherwise, in an action for false imprisonment. (See *Wilson* v. *Manhattan Ry. Co.,* 2 Misc. 127, affd. 144 N. Y. 632; *Hopner* v. *McGowan,* 116 N. Y. 405, 410; *Walther* v. *News Syndicate Co.,* 276 App. Div. 169, 174, and *Fitzgerald* v. *Lewis,* 164 Mass. 495, 501.) Cases such as *Morgan* v. *New York Central R. R. Co.,* (256 App. Div. 177, 180), involving the effect of a holding by a magistrate or by a grand jury are distinguishable.

If defendant contends that it is not liable for the acts of the arresting officers under the rule of *respondeat superior,* it may establish such immunity under its general denials, unless non-liability rests on foreign law, in which event it should plead such law.

The order appealed from should be affirmed, with $20 costs and disbursements, with leave to defendant to serve an amended answer.

PECK, P. J., DORE, BREITEL and BERGAN, JJ., concur.

Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent, with leave to the defendant to serve an amended answer, within twenty days after service of a copy of the order entered herein.