STATE OF MAINE *vs.* LEVERNE ARRIS.

Androscoggin.    Opinion January 12, 1922.

*The offense of wilful neglect by a husband to provide for his family under R. S., Chap.*
*120, Sec. 38, is declared by the statute to be a felony, and a felony is punish-*
*able by imprisonment in the State prison, hence the offense must be*
*charged by indictment, as required by the constitution.*

In this case upon a complaint under R. S., Chap. 120, Sec. 38, alleging wilful
neglect and refusal by a husband to provide and furnish his wife the complain-
ant, and a minor child, with support and maintenance.

*Held:*

1.   The statute declares the offense to be a felony.
2.   A felony is punishable by imprisonment in the State prison.
3.   The defendant being charged with a felony will be subject to imprisonment
in the State prison.
4.   That such punishment is infamous.
5.   That such an offense must be charged by indictment.

On exceptions.    This is a complaint made by the wife of the respond-
ent charging him with wilful neglect to provide the necessary support
and maintenance for her and a minor child, which originated in the
Auburn Municipal Court under R. S., Chap. 120, Sec. 38.    The
respondent was found guilty and appealed to the Superior Court
for Androscoggin County and was tried before a jury on the original
complaint without any action by the grand jury, it not being a grand
jury term, and was found guilty, and, before judgment, respondent
filed a motion in arrest of judgment, on the ground that the offense
charged was a felony by statute and in consequence thereof the pro-
ceedings must be by indictment, which motion was overruled by the
presiding Justice, and respondent excepted.    Exceptions sustained.

Case is fully stated in the opinion.

*B. L. Berman, County Attorney,* for State.

*Frank O. Purington, and Tascus Atwood,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. This case comes up on exception. A statement of facts as taken from the defendant's brief is as follows:

"As will be seen by the complaint and motion, before the court as a part of the exceptions, this case originated before the Municipal Court for the City of Auburn on the complaint of Evelyn Mae Arris and is founded on Section 38, Chapter 130 of the Revised Statutes.

At the trial before the Auburn Municipal Court the respondent was found guilty and sentenced under the provisions of said Section, from which finding and sentence the respondent appealed and was ordered by said court to recognize with sufficient sureties for his appearance at the April term of the Superior Court for the County of Androscoggin, (which term is not a grand jury term), and did so recognize.

At the April term of said Superior Court the County Attorney elected to try the respondent before a jury on the original complaint without action of the grand jury, and on such trial the respondent was pronounced guilty by the jury and sentenced by the court; whereupon the respondent filed a motion in arrest of judgment, which motion was overruled by the court, to which ruling the respondent alleged exceptions."

We think the exceptions must be sustained.

This case originated in the Auburn Municipal Court under R. S., Chap. 120, Sec. 38, authorizing a complaint by the wife against the husband for his wilful neglect and refusal to furnish her and her children with support and provides in case of conviction for the following penalties, namely: that he "shall be deemed guilty of a felony and on conviction thereof shall be punished by a fine of not more than five hundred dollars or by imprisonment with or without hard labor for not more than two years, or by both fine and imprisonment."

Section 41 of the same chapter provides that "judges of Municipal and Police Courts and trial justices within their respective counties shall have original and concurrent jurisdiction with the Supreme Judicial Court and Superior Court."

The only question for determination is whether the respondent should be required to answer to the complaint made against him except upon indictment by a Grand Jury.

Section 7 of Article 1 of the Constitution of Maine, so far as is material to the present case reads as follows:

"No person shall be held to answer for a capital or infamous crime unless on a presentment or indictment of a Grand Jury, except . . . . . in such cases of offense as are usually cognizable by a justice of the peace." It is universally held that a felony is infamous within the meaning of the term as used in the constitution.

Moreover, it is competent for the Legislature to declare what offenses shall constitute a felony. In the present case they have done so, both in terminology and penalty. They have declared that the failure of the husband to support the wife as required by the Statute shall "be deemed a felony," and may be punishable as a felony, by imprisonment which may be for two years.

Sec. 11 of Chap. 133, R. S., says:

"The term 'felony' includes every offense punishable by imprisonment in the state prison."

The term "felony" as used in Section 38 must be construed in pari materia with the term as used in Section 11. Thus construed the explicit language of the statute, "shall be deemed a felony" leaves nothing to interpretation. The statute declares the offense to be a felony. A felony is punishable by imprisonment in the State prison. The defendant being charged with a felony would be subject to such imprisonment. Such imprisonment is infamous. Therefore such an offense must be charged by indictment.

It is not the prerogative of the court to legislate; and the only premise upon which the court could proceed to interpret the above language would be to declare that the word "felony," as used in Section 38 does not mean "felony" as defined in the other sections, and if it is so said then it is at once confronted with the question:

"What does it mean?"

This question opens up a field of mere conjecture. We are accordingly of the opinion that the explicit and well-defined language of the statute precludes any other construction than that conveyed by the clear meaning of the language used.

A felony being an infamous crime, the respondent could not be held to answer to the offense charged against him in the complaint, except upon indictment. As the offense charged in the statute is there defined, as a felony, we do not reach the question, at all, which

involves the discussion of whether certain statutory offenses, not so defined, may be regarded as a felony or some lesser crime as in *State* v. *Cram*, 84 Maine, 271. In other words an offense declared by statute to be a "felony" ends all discussions as to whether it is a felony or something else.

*Exceptions sustained.*