THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN ALDEN HARVEY, JR., Appellant.

Argued October 13, 1954; decided December 2, 1954.

*Stanley S. Corwin* for appellant. The Special Sessions erred in failing to grant appellant's motion to dismiss the information for insufficiency; in not directing acquittal, and in failing to dismiss the information at the close of the People's case and the whole case. Appellant was not proved to be guilty beyond a reasonable doubt as a matter of law. The verdict was contrary to law and against the weight of evidence as a matter of law. (*People* v. *Nixon,* 248 N. Y. 182; *People* v. *Houskeeper,* 304 N. Y. 925; *People* v. *Bergen,* 209 N. Y. 517; *People* v. *Tylkoff,* 212 N. Y. 197; *Griessman* v. *Fisher,* 252 N. Y. 580; *People* v. *Kunz,* 300 N. Y. 273.)

*Harry C. Brenner, District Attorney (Henry Tasker* of counsel), for respondent. I. The acts of appellant were in violation of section 720 of the Penal Law. (*People* v. *St. Clair,* 90 App. Div. 239; *People* v. *Houskeeper,* 304 N. Y. 925; *People* v. *Davis,* 303 N. Y. 235; *People* v. *Feiner,* 300 N. Y. 391; *People* v. *Chesnick,* 302 N. Y. 58.) II. The information is sufficient as a matter of law. (*People* v. *Zambounis,* 251 N. Y. 94.)

DESMOND, J. Section 720 of the New York Penal Law brands as guilty of the misdemeanor of disorderly conduct, "Any person who shall by any offensive or disorderly act or language,

annoy or interfere with any person in any place ''. After a disturbance in a tavern, this defendant left there at the request of a police officer, then, when those two and others had gone outside, defendant tried to take the policeman's night stick away from him. Surely, that could not unreasonably be called an '' offensive '', '' disorderly '' and '' annoying '' act, if those terms have any meaning at all.

Defendant, however, makes two points that should be answered. First, he points out that '' disorderly conduct '' may be, by the statutes, prosecuted as a misdemeanor (as was done here) under section 720 of the Penal Law, or treated as a mere '' offense '', under section 722 of that law. The definitions in the two sections, says defendant, are so similar as to be indistinguishable, or, at least, as to leave it to the whim of prosecutor or policeman as to which accusation to use, in any instance. A '' breach of the peace '' affecting a community may, says defendant, be dubbed a mere offense under section 722, while a minor annoyance to a single person may be charged as a misdemeanor under section 720. Certainly, there are similarities between the wordings of the two statutes (compare § 720 with § 722, subd. 2) but difference in purpose and coverage is apparent, and has been noticed by the New York courts. The substance of section 722 is that the acts charged must be such as are public in character and breach the public peace, or tend so to do (*People v. Chesnick,* 302 N. Y. 58, 60; *People v. Feiner,* 300 N. Y. 391, 399, affd. *sub nom. Feiner v. New York,* 340 U. S. 315). Such a '' breach of the peace '' was criminally punishable at common law (*People v. Most,* 171 N. Y. 423; *People v. Nixon,* 248 N. Y. 182). On the other hand, section 720 (the misdemeanor section) deals rather with acts or language, offensive or disorderly, of one person which annoy or interfere with some one other person (*People v. Weiler,* 89 App. Div. 611, revd. on other grounds 179 N. Y. 46; *People v. St. Clair,* 90 App. Div. 239, revd. 179 N. Y. 578 on the authority of *People v. Weiler*). As circumstances vary, an actual or likely breach of the peace may be a more, or a less, grave wrong than annoying, or interfering with, a particular person. But sections 720 and 722 deal with two kinds of fact situations, or, at least, with fact patterns viewed from different aspects or treated with varying emphases. And the Legislature actually has made acts which are ''seriously'' disturbing to,

or which seriously endanger, the public peace, misdemeanors by another statute (Penal Law, § 43) which was at one time bracketed with what is now section 720 to describe two kinds of misdemeanor disorderly conduct (see L. 1891, ch. 327). Choosing the grades to be assigned to wrongdoing is a legislative function. '' When the legislature itself names the offense, then there is no place for controversy; it is of whatever grade the legislature provides, unless so to hold would violate some statutory provision '' (22 C. J. S., Criminal Law, § 6, p. 56, and cases cited). Disorderly conduct has been a misdemeanor in New York at least since 1882 (see L. 1882, ch. 384, amdg. Penal Code, § 675). Since 1923 only, have some forms thereof been styled '' offenses '' (L. 1923, ch. 642, amdg. Penal Law, § 722, applicable to City of New York only, made State-wide by L. 1931, ch. 793). So long as the meaning of these several enactments can be worked out, the courts must leave to the Legislature the consistency or logic of the classification.

Defendant next argues, or states the same argument in somewhat different terms, that the definition in section 720, of the misdemeanor, is so vague as to be invalid for lack of objective standards. We think, however, that the statutory intent of present section 720 is clear enough, as it was clear to the courts in *People* v. *St. Clair* (90 App. Div. 239, 243, *supra*): '' As we view it, the Legislature intended to prohibit one person from, *by any offensive or disorderly act or language, annoying or interfering with another in a public place.* Two things must occur to constitute the crime. One of these relates to the conduct of the accused, and the other to the effect of such conduct upon the complainant. There must be an annoyance to or interference with some person in a public place by act or language which is either offensive or disorderly ''. St. Clair's conviction, affirmed by the Appellate Division, was reversed by this court (179 N. Y. 578), not because of any lack of ascertainable statutory standards, but because the proof did not rise to the standards set.

Defendant argues that words like '' offensive '', '' disorderly '', '' annoying '' and '' interfering '' make criminality depend not on the objective nature of words or acts, but on a complainant's reaction thereto. For instance, says defendant, political oratory is annoying and offensive to many but should

not, for that sole reason, be punishable as a crime. We do not think that the statute gauges criminality by the impressions made on an annoyed or disgruntled citizen. Common sense (and decisions like *People* v. *St. Clair* and *People* v. *Weiler, supra*) dictate that language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a substantial interference with (our old friend) the reasonable man. As Chief Judge BARTLETT pointed out in *People* v. *Tylkoff* (212 N. Y. 197, 200), annoying language (and, presumably, annoying conduct) must, to be a violation of section 720, amount to a nuisance.

The judgment should be affirmed.

LEWIS, Ch. J., CONWAY, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment affirmed.