■ In the Matter of GEORGE CARTER, Appellant, v. FAMILY COURT OF THE STATE OF NEW YORK, Respondent.— In a proceeding against an infant under the age of 16 years, the infant appeals from an order of adjudication and disposition of the Family Court, Queens County, rendered April 15, 1964 after hearings, which: (1) adjudicated him a juvenile delinquent: (a) upon the ground that he had committed an act "which, if done by an adult, would constitute [the] crime" of jostling in that he attempted to unzip a pocketbook carried by an adult female on a New York City subway train; and (b) upon the further ground that he is a person who "requires supervision, treatment or confinement;" and (2) directed that he be placed in custody in the Otisville State Training School for a period of 18 months. Order, insofar as it adjudged that appellant is a juvenile delinquent on the two grounds stated, reversed on the law; and order, insofar as it found and adjudged that appellant is a person who requires supervision, treatment or confinement, and placed him in custody in the Training School for 18 months affirmed, without costs. The findings of fact made in the Family Court are affirmed. In our opinion, since the jostling found on the part of appellant, a minor under 16 years of age, was alleged and proved as a violation of subdivision 6 of section 722 of the Penal Law, it was no more than an "offense" and did not amount to a "crime" (*People* v. *Harvey,* 307 N. Y. 588). Since an adjudication of juvenile delinquency must be founded upon an act, "which, if done by an adult, would constitute a crime" (Family Ct. Act, § 712, subd. [a]), the offense alleged and proved failed to provide the statutory foundation for the adjudication. The petition, however, adequately charged that appellant was a person in need of supervision (Family Ct. Act, § 712, subd. [b]); and the proof adduced, supported by the probation report findings presented

to the court on disposition of the case, overwhelmingly established the present need for appellant's confinement and for his treatment and supervision by a training institution, within the intendment of the statute (*Matter of "Anonymous"* v. *People,* 20 A D 2d 395, 400). In any event, even if the petition here could be deemed to have instituted a proceeding only to have the infant declared a juvenile delinquent, the court "On its own motion and at any time in the proceedings" was free to substitute for such a petition an alternative petition to determine whether the infant before it was a person "in need of supervision" (Family Ct. Act, § 716, subd. [a]). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.