Richards W. Hannah, J.
This hearing presents an interpretation of subdivision (b) of section 152 of the Family Court Act and whether a finding can be made against the respondents based upon the unsworn testimony of the petitioners (aged seven and eight years). The issue appears to be one of first impression.
The petition against “ John Doe ” alleges that on August 15, 1964 at about 3:00 p.m., at 2178 Atlantic Avenue, Brooklyn, New York, the respondent acting with “James Cole” did forcibly compel “Rudolph Gray”, age eight, and “Richard Black”, age seven, to accompany them to the alleyway of 2178 Atlantic Avenue and then did place his penis in the anus of ‘' Richard Black”. This is alleged to have constituted an assault and sodomy if done by an adult.
The petition against “ James Cole ” alleges that at the same time and place, he acting with “ John Doe ”, did forcibly compel “ Rudolph Gray ”, age eight and “ Richard Black ”, age seven, to accompany them to the alley, and “ James Cole ” did then place his penis in the mouth of “ Rudolph Gray ”.
Both petitions were heard together and decision was reserved upon a motion to dismiss at the close of the petitioners’ cases.
" Rudolph Gray ’ ’, age eight, after being examined by the court, testified without being sworn that “James Cole” and “ John Doe ” took him in the hallway (alley) and while “ John ” held him down “James Cole” put his penis in his mouth. “ Richard Black” was not in the alley when the act occurred but had been there a few minutes before. Nothing like this had *680 ever happened to him before. The two respondents had never spoken to him before, and he first saw the respondents in the front of the building. On the next day he heard “ John Doe ” tell his friend, “Bill”, in front of him that he had held him while “ James Cole ” did this to him. He did not tell anyone about the act because he was afraid they would beat him up.
“Richard Black”, age seven, after being examined by the court, testified without being sworn that he will tell the truth and said that “ John Doe ” took his penis and stuck it in his butt four times. Later, me and “John” went outside. He stated that he did not tell anyone because they said that they would beat him up. He stated that just me and “ John ” were there. There was no testimony as to how they got into the alley.
“Ruth Black” testified that this incident was reported to her on the following Monday by Mrs. “ Gray”, and that she spoke with “ John Doe’s ” father about it in “ John’s ” presence but “ John ” said nothing. Mr. “ Doe ” said he was going to beat “John” and then walked into his building. She stated that on a Saturday or Sunday after appearing in court “ James Cole ” came to her at her home and told her that “ John ” had admitted bothering “ Richard ” but that he had nothing to do with it and was not around. She stated that ‘ ‘ Richard ’ ’ had a sore rectum on Saturday when she gave him a bath and that she gave him vaseline for it. “ Richard ” made no complaint to her about the incident.
“ Sally Gray ” testified that she had learned of the incident on Monday afternoon from a storekeeper and that she had spoken to her son and asked what the boys had done to him, that she reported it to the police and had spoken to Mr. “Doe”, telling him what had occurred and he said he would speak to his son about it.
Detective “Sam Meyer” stated that he received the complaint on August 17,1964, that he spoke to Mr. “ Doe ” at home and told him of alleged incident in presence of the boy, “ John ”. He said that his son was with him at the time of the alleged occurrence cleaning out a cellar. The respondent “ John Doe ” was questioned and denied doing any such act. The detective spoke with Mrs. “ Cole ” and told her of the alleged incident, who denied all knowledge of the act. “ James Cole ” was questioned and denied the act. Both respondents admitted to the detective being in the neighborhood and being friends but denied being together on this Saturday afternoon.
Neither respondent testified or produced any evidence of any kind.
*681 Motions to dismiss were made and the court reserved decision.
The important issue presented is whether there is sufficient evidence to prove a prima facie case considering that both infants were not sworn.
The practice in the Family Court is regulated by the Family Court Act and where it does not provide a method of procedure then one proceeds in accordance with the rules of the administrative board, and if none have been adopted by the provisions of the CPLR (Family Ct. Act, § 165). The Code of Criminal Procedure is inapplicable in the Family Court (Code Crim. Pro., § 11). Therefore, if the Family Court Act provides a procedure, it must be applied. Subdivision (b) of section 152 permits taking the unsworn testimony of infants. It states: “ In conducting a hearing under this act, a judge may dispense with the formality of placing a minor under oath before taking his testimony.” This section was incorporated into the Family Court Act at the time of its enactment in 1962. The section was lifted from section 76 of the New York City Domestic Relations Court Act and had been in effect since 1933. It reads: “ In taking the testimony of children the court may, in its discretion, dispense with the formality of placing them under oath.” Neither the Family Court Act nor the Domestic Relations Court Act required that the testimony of an unsworn child be corroborated as the Code of Criminal Procedure provides (§ 392) or that it be supported by other evidence, completely or partially.
In 1959 the Court of Appeals considered two appeals where convictions had been obtained based upon the uncorroborated, sworn testimony of 10-year-old children, both girls. These were the cases of People v. Oyola (6 N Y 2d 259) and People v. Porcaro (6 N Y 2d 248). In both cases the fathers had been charged with sex crimes, in both cases there were matrimonial differences between the fathers and mothers in the background, and in both cases no circumstantial evidence was presented to corroborate the childrens’ testimony. In both cases judgments of conviction were reversed and the indictment and information dismissed. In both cases the decision was 4 to 3, with a majority, concurring and dissenting opinions. While both these cases were tried in the criminal courts where the Code of Criminal Procedure applied, yet the principles of the opinions can be applied to the present problem. In Oyola, the court observed that certain sex offenses require corroboration by statute whereas others do not and that it was not clear upon what principle the Legislature adopted separate statutes in regard to these crimes. Then this significant statement was made (p. 262): *682 “ The absence of legislation requiring other evidence to support the testimony of the complainant extending to every material fact essential to constitute the crime, as in rape * * * does not signify that courts fail to scrutinize with special care the same type of testimony in view Of the ease with which crimes of this nature are charged and the difficulty of disproving them, and in view of the instinctive horror with which they are regarded by mankind ’ The court pointed out that if tlw child is not sworn there must be corroboration of every material fact essential to constitute the crime (Code Grim. Pro., § 11), but even where the child had been sworn the Court of Appeals had dismissed indictments and information where the result rested upon the uncorroborated testimony of a young child. The difficulty of deciding when to swear a young child and the resultant change in the application of the law shows the unfairness of this procedure. Therefore, the court (pp. 263-264) suggested that “ Where the witness has been sworn, it may not be necessary to have supporting evidence of every material fact essential to constitute the crime, but the courts are not automatons of the Legislature to such a degree as to make patchwork of the law by being obliged to require full corroboration in instances where the trial court has taken the unsworn statement of the witness, but at the same time being compelled to dispense with all objective verification where an oath has been administered. * * * This can hardly have been intended by the Legislature. * * * Causing the criminal liability of a defendant to depend entirely upon this collateral and largely fortuitous circumstance would have almost as little to do with deliberate justice as trial by ordeal ’ ’.
Applying these principles to the case at bar, it would appear that this court should scrutinize the testimony of the young sworn witness with special care, and in the case of the unsworn infant require corroboration of every material fact essential to constitute the crime. However, there is no provision in the Family Court Act setting forth this requirement. The Code of Criminal Procedure is inapplicable in this court. There is no such requirement in the administrative rules or the CPLR. Moreover, these cases were decided by the Court of Appeals in 1959. The Legislature is presumed to be familiar with all existing statutes and decisions of our courts at the time it passes legislation. (Matter of Erikson v. Helfand, 1 A D 2d, 59, affd. 1 N Y 2d 775.) It must be presumed that the Legislature was aware that the Code of Criminal Procedure did not apply to this court (in fact it amended the Code of Criminal Procedure as to what courts it applied to at the time it enacted the Family Court *683 Act), so that its provision requiring corroboration of the unsworn witness did not apply. It must be presumed that in 1962 the Legislature was aware of the language of the Court of Appeals in Oyóla and Porcaro respecting the problem of the sworn and unsworn young infants. Yet in spite of the language in these opinions the Legislature enacted subdivision (b) of section 152 of the Family Court Act permitting the Judge to dispense with an oath before talcing an infant’s testimony. It seems to me that, since this section was enacted in 1962 when the entire Family Court Act was enacted, and since the Legislature did not make the Code of Criminal Procedure applicable to this court and it omitted from the Family Court Act any requirement of corroboration or other evidence in the case of the sworn or unsworn child of tender years, the only conclusion is that the Legislature intended that a finding could be based solely upon such testimony.
Moreover, this is not a criminal court operating under the evidentiary rules of the criminal law, but rather a court acting under its own Act. Therefore, this may be another reason for the admission of less formal proof. A finding here against a respondent does not constitute a criminal record. Perhaps, in weighing all these factors the Legislature concluded that the amount of proof required in this court should be less than that in a criminal or civil court. It might be added that, if corroboration were required in the case of the unsworn- child, it would be almost impossible for most of this type of case to reach the court stage, for as has been pointed out, sex crimes are not done usually in public and it is extremely difficult to obtain supporting evidence.
Therefore, I have concluded that a finding can be made upon the unsworn testimony of a child of tender years without further corroboration.
In considering the evidence, I had the opportunity of observing both “ Rudolph Gray ” and “ Richard Black ”. Both boys presented a good appearance. Naturally, their manner of testifying and answering the questions was that of young children but behind it all I found that there was a sound basis for accepting their version of what they alleged had occurred. Since the respondents did not testify, I could form no opinion as to them. However, I have drawn no inferences from the respondents’ failure to testify and am deciding the issues of fact squarely upon the question of whether I believe “ Gray’s ” and “ Black’s ” testimony to be clear and convincing.
In my opinion a prima facie case was presented. There was corroboration of “ Richard Black’s ” testimony by Ms mother *684 as to his sore rectum immediately after the occurrence. It should be pointed out that, in both Oyola and Porcaro cases (supra), both defendants denied the acts and testified to this effect. In this case neither respondent offered any proof. Therefore, this case is not as strong as Oyóla or Porcaro.
I find that the allegations in this case of ‘ ‘ Rudolph Gray ’ ’ as to age and facts have been proven by a fair preponderance of the evidence against both respondents.
I find that the allegations in the case of “ Richard Black ” as to age and facts alleged have been proven by a fair preponderance as to sodomy against “ John Doe The charge of assault is dismissed against both respondents.
The Probation Department is directed to make an investigation. Respondents are paroled. Dispositional hearing set for December 29, 1964 before me.