■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELBERT THOMAS, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 6, 1963 after a jury trial, convicting him of assault in the third degree, two counts of assault in the second degree, two counts of rape in the first degree, five counts of burglary in the first degree, and petit larceny; and imposing sentence. Part of the People's proof consisted of certain written statements and an oral statement made by defendant between the time of his arrest and arraignment. The issue of the voluntariness of such statements was raised during the trial and was submitted by the trial court to the jury for its determination. The issue is again raised by defendant on this appeal. In the light of the recent decision in *Jackson* v. *Denno* (378 U. S. 368), on this court's own motion this action is remitted to the trial court for further proceedings upon the issue of the voluntariness of defendant's statements and confessions, such proceedings to be in accordance with the procedure prescribed in *People* v. *Davis* (22 A D 2d 921), as modified and amplified by *People* v. *Huntley* (15 N Y 2d 72). In the interim, the pending appeal in this action will be held in abeyance. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN WEISSLER, Appellant.— Appeal by defendant from a judgment of the former Court of Special Sessions of the City of New York, Queens County, rendered November 10, 1961 after a nonjury trial, convicting him of a violation of section 555 of the Penal Law, and imposing sentence. Judgment reversed on the law and the facts, information dismissed, and defendant discharged. In our opinion the defendant's guilt of the crime charged was not established beyond a reasonable doubt. Christ, Acting P. J., Rabin and Benjamin, JJ., concur; Hopkins and Hill, JJ., dissent and vote to affirm the judgment with the following memorandum: The identification of the defendant's voice on the telephone was admissible (*People* v. *Dunbar Contr. Co.*, 215 N. Y. 416; *People* v. *Strollo*, 191 N. Y. 42; *People* v. *McDonald*, 177 App. Div. 806). The weight of such evidence and the credibility of the witnesses were matters for the determination of the trial court with whose conclusion we should not interfere (*People* v. *Gaimari*, 176 N. Y. 84; *People* v. *Atlas*, 183 App. Div. 595). The statute (Penal Law, § 555) is not void and unconstitutional on account of vagueness and indefinitiveness (cf. *People* v. *Harvey*, 307 N. Y. 588; *Duncan* v. *United States*, 48 F. 2d 128, cert. den. 283 U. S. 863; Ann., 48 A. L. R. 83).