Richards W. Hanhah, J.
This petition again directs attention to a serious lack of jurisdiction in this court; namely, its lack of jurisdiction over offenses.
A police officer has filed a petition against the respondent, a 15-year-old boy, alleging that on August 15, 1965 at about 1:00 a.m., the respondent and others were disturbing the peace, in that they were using loud and obscene language, that when told by the petitioner to desist and move on, they did for about 10 minutes, then returned, that petitioner again told them to move on and they refused, the respondent saying he was not going to move, as he had not done any wrong and daring the petitioner to arrest him, that when placed under arrest and it seemed others would intervene, the petitioner attempted to handcuff the respondent to a gate and the respondent resisted and force had to be used when others attempted to intervene and that the respondent did use vile and abusive language to the petitioner.
The respondent denies these allegations and pleads that he was resisting an illegal arrest.
The officer’s testimony supported the allegations of the petition. It was amplified by additional testimony that the officer went to the location pursuant to a call and saw respondent and three other boys boxing, running and kicking at each other and using vile and loud language. He told them to stop their actions. They left but returned and resumed their actions. A dozen people had to get off the sidewalk or be knocked over since they were moving all over it trying to kick each other. When the petitioner arrested the respondent, the others protested and one boy lunged at him as he tried to handcuff the respondent and the officer struck him. A crowd of about 50 persons collected due to respondent’s yelling. The respondent gave the police a false name when taken into custody. The respondent admitted that the officer was correct about the first phase of the incident but denied that objectionable action was resumed. He admitted he refused to be arrested asking the reason and that he backed away since he did not want to be handcuffed. I accept the petitioner’s version of what occurred as the credible one.
The question presented is whether these acts constitute a-misdemeanor under sections 43 or 720 or an offense under section 722 of the Penal Law. These three sections have caused a great deal of difficulty in construction, as was evidenced in People v. Harvey (307 N. Y. 588). In fact Sections 43, 720 and 722 have *892 been eliminated from the new Penal Law and a new section drafted to cover “Disorderly Conduct ” (Revised Penal Law, § 240.20). We now add to this present difficulty the additional fact that if the acts fall under section 722, the Family Court lacks jurisdiction since it has no jurisdiction over acts which constitute offenses.
My analysis of the facts places the acts under section 43, a misdemeanor, since these acts seriously disturbed or endangered the public peace (People v. Harvey, 307 N. Y. 588) and the acts amounted to a nuisance (People v. Tylkoff, 212 N. Y. 197, 200). Therefore, this court has jurisdiction.
Remedial legislation, urged by the Association of Family Court Judges, was introduced at the 1965 Session of the Legislature to correct this lack of jurisdiction over offenses by amending sections 712 and 732 of the Family Court Act by adding to the definition of a “ person in need of supervision ” the words ‘ ‘ who violates any law or committed any offense not amounting to a crime ”. The purpose was to give the.court jurisdiction over offenses but in keeping with the purpose of • the Family Court not to include these children in the juvenile delinquent group. This legislation was passed by the Legislature but vetoed by the Gfovernor upon the objections of certain groups.
If reference is made to the definition of a “ juvenile delinquent ” in the old Children’s Court Act of the State of New York (§ 2, subd. [2]) and to the old Domestic Relations Court Act of the City of New York (§ 2, subd. [15]), it is clear that the proposed amendment gave back to this court only a small part of its former jurisdiction. Under the old statutes the court had jurisdiction over any child “ (a) who violates any law of the United States or of this state or any ordinance of the city of New York, or who commits any act which if committed by an adult would be a crime punishable by death or life imprisonment * * *; (b) who is incorrigible, ungovernable or habitually disobedient and beyond the control of his parents, guardian, custodian or other lawful authority; (c) who is habitually truant; (d) who, without just cause and without the consent of his parent * * * deserts his home or place of abode; (e) who engages in any occupation which is in violation of law; (f) who begs or solicits alms or money in public places; (g) who associates with immoral or vicious persons; (h) who frequents any place the maintenance of which is in violation of law; (i) who habitually uses obscene or profane language; or (j) who so deports himself as wilfully to injure or endanger the morals or health of himself or others.”
*893 When the Family Court Act was enacted the former definition of a juvenile delinquent was narrowed radically and split up into two classes: juvenile delinquent and person in need of supervision. The purpose of the proposed amendment was to recognize that certain acts termed offenses were not as serious as felonies or misdemeanors which fall under the definition of a juvenile delinquent (Family Ct. Act, § 712) but that children who committed such acts should be under the jurisdiction of the court. To reach this end, an addition was added to the definition of a “person in need of supervision ” (§ 712, subd. [b]). This was necessary because the definition of a juvenile delinquent is one who has committed crime if done by an adult; while a person in need of supervision is “an habitual truant or who is incorrigible, ungovernable, or habitually disobedient and beyond the lawful control of parent or other lawful authority ”. Accordingly, by definition, offenses are not included and in my opinion the definition of a person in need of supervision deals with conditions rather than single or isolated acts (Matter of Carter v. Family Ct. of State of N. Y., 22 A D 2d 888).
This court has reviewed the statutes of all the States of the United States setting forth the jurisdiction of the juvenile courts and concludes that the jurisdiction over children conferred upon this court is the most limited of any juvenile court in the United States. Practically every statute defines a juvenile delinquent as a boy or girl who violates any law of the United States, the State or local law or municipal ordinance. The statutes of the other States do not limit the court’s jurisdiction to children who have committed felonies and misdemeanors. In fact, in the other States, jurisdiction is also conferred upon a much broader basis by the enumeration of many specific conditions which do not constitute the violation of any law and in many respects are similar to the jurisdiction of this court under the former statutes.
It is common knowledge that children hardly start becoming juvenile delinquents by committing felonies and misdemeanors. They start with acts which may not even constitute offenses. Are we now to say to a child that you may commit an act labeled an offense with impunity? Are we to say to the public that you must wait until a child commits a crime or falls under the definition of a person in need of supervision before the court can exercise its jurisdiction and extend its facilities of rehabilitation? A review of the present Penal Law shows the following-acts constitute offenses: disorderly conduct (Penal Law, § 722), intoxication in a public place (Penal Law, § 1221), obtaining property or the use of property by fraudulently operating a slot machine, coin telcphouo or other coin receptacle (Penal Law, *894 § 1293-c), bean-shooters and stone-throwing (Penal Law, § 1425-a), trespassing, and peddling and soliciting on railroad property (Penal Law, §§ 1990, 1990-a, 1990-b). There are other laws not contained in the Penal Law, which constitute offenses. It is my opinion that the welfare of the community and the child demands that this immunity for children who commit acts termed offenses be removed and that this court have the power to deal with such acts even if a single violation of law. If we refer to the new Penal Law, effective September 1, 1967, we find that all the former sections on disorderly conduct have been consolidated into section 240.20 and that it is termed a “ violation ”, which is the present equivalent of an offense (§ 10.00, subd. 2). There are many other acts in which children are involved in the new Penal Law which are classified as “ violations ”, such as disorderly conduct (§ 240.20); harassment (§ 240.25); loitering (§ 240.35); public intoxication (§ 240.40) and prostitution (§ 230.00). Viewed from the welfare of the child and the public, this court should be granted jurisdiction over these acts, after September 1, 1967.
The respondent claims that he was resisting an unlawful arrest and states that his actions did not violate the Penal Law, that he did nothing wrong. The acts were committed in the presence of a police officer, and it was his opinion that the acts constituted a violation of the Penal Law. There can be no dispute that, in the presence of a violation of law, it is a policeman’s duty to take steps to suppress and to apprehend the offender. Under these circumstances, the officer had the right to arrest him (Marks v. Baltimore & Ohio R. R. Co., 284 App. Div. 251; Code Crim. Pro., §§ 177, 183). However, the Code of Criminal Procedure does not apply to the-Family Court (Code Grim. Pro., § 11) and as I have pointed out previously in Matter of “Doe ” (44 Misc 2d 678) the difficulty of applying the Penal Law without the provisions of the Code of Criminal Procedure creates a problem for this court. At common law a peace officer was not authorized to arrest persons guilty of misdemeanors except in cases of an actual breach of the peace either by an affray (a fight) or by violence to an individual. (People v. Phillips, 284 N. Y. 235, 237.) (4 Wharton’s Criminal Law and Procedure [Anderson ed.], § 1598.) Therefore it appears that the petitioner was within his rights in arresting the respondent. The respondent, obviously under erroneous knowledge of the law, resisted the arrest for a few minutes until he was cuffed to the fence. He had this right ‘ ‘ if the force or violence used is not more than sufficient to prevent such offense ” (Penal Law, § 246, subd. 3). In my opinion his efforts, while misplaced and *895 hardly justified, did not constitute a violation of section 1825 or 1851 of the Penal Law and accordingly that part of the petition is dismissed.
I find that by a preponderance of the evidence the respondent is under 16 years of age and that he committed the acts which constitute the crime of disorderly conduct and further find that the facts do not establish the allegation of resisting arrest.
The Probation Department is instructed to make the investigation. Case set for dispositional hearing for February 1, 1966 at 10:00 a.m.
Notice to all parties and attorneys.