José A. Pérez Vega et ux., Petitioners, *v.* Superior Court of Puerto Rico, San Juan Part, Herminio Miranda, Jr., Judge, Respondent; The People of Puerto Rico, Intervener.

No. C-65-105.          Decided October 25, 1966.

*Ángel Viera Martínez* for petitioners. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for intervener.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This case involves, on the merits, a criminal prosecution for violation of the Income Tax Act. We issued writ of certiorari for the sole purposes of (1) determining whether or not the offense has prescribed and (2) reviewing the classification of the offense, that is, to determine whether the offense in question is felony or misdemeanor.

We shall first examine the question of prescription. To do so it is necessary to establish the following relation of dates and events.

1. On April 10, 1962 the defendants signed the returns.
2. On April 11, 1962 the returns were received in the Income Tax Division.
3. On April 9, 1965 the complaint was filed, probable cause was determined, and the warrant of arrest was issued.
4. On April 10, 1965 the arrest was performed.
5. On June 8, 1965 the information was filed. The defendants had waived the preliminary hearing on May 19, 1965.

The Penal Code provides, as a general rule, that misdemeanors prescribe one year after their commission and the felonies prescribe three years after committed. There are exceptions. For example, in cases of murder, embezzlement of public moneys, and the falsification of public records, the prosecution may be commenced at any time without any limitation. Sections 77–79 of the Penal Code, 33 L.P.R.A. §§ 231–233.

Another exception to the general rule above-mentioned consists in cases of violations of internal revenue laws, in which cases the prosecution may be commenced within three years after their commission, even in misdemeanors. Section 79, Penal Code; 33 L.P.R.A. § 233.

■ Violations of the Income Tax Act are violations of an internal revenue Act and therefore, the term is three years, except otherwise provided by law. *People* v. *Franceschi*, 74 P.R.R. 771, 775–777 (1953). In the context of § 79 of the Penal Code the words "internal-revenue laws" are used there to describe any tax which a government may impose, except duties on imports. They are used to describe all taxes in general derived from internal sources as contrasted with taxes derived from external sources. *Buscaglia* v. *Ballester*, 162 F.2d 805. *Cert. den.*, 332 U.S. 816.

■ Therefore, in the instant case the prescriptive term of the offense is of three years, irrespective of whether the offense is a felony or a misdemeanor.

■ In this case there is no controversy as to the initial date to compute the prescriptive term. As in *Franceschi*, *supra*, the parties accepted that the date of the filing of the returns (April 11, 1962), is the starting point for the running of said term. Petitioners state in their memorandum of authorities that "In a case of violation of the Income Tax Act the date of the commission of the offense is the date of filing of the returns." As in *Franceschi*, *supra*, we accept it is so.

Appellant's position is that the date on which the criminal action commenced, that is, the date on which prosecution was commenced, should be the date of the filing of the information—June 8, 1965—or in the alternative, the date on which the preliminary hearing should have been held and which was waived by the defendants—May 19, 1965—and that, therefore, the offense had prescribed since more than

three years had elapsed from the date of the commission of the offense, which is the date of the filing of the returns in the Income Tax Division, that is, April 11, 1962. Appellant relies on Rule 34 of the Rules of Criminal Procedure which provides that the first allegation on the part of The People in a prosecution filed in the Superior Court shall be the accusation.

■ The Solicitor General maintains that the date that should be considered to determine when the prosecution was commenced is April 9, 1965, date on which the complaint was filed, probable cause was determined, and the warrant of arrest was issued. A simple arithmetical operation shows that if the Solicitor is right, the offense has not prescribed.

The Solicitor is right. The point is decided against appellant by our case law, former as well as recent. Let us see it in that order. In *People* v. *Rivera*, 9 P.R.R. 363, 367 (1905), we decided that "the warrant of apprehension, and not the subsequent indictment or presentment, is the commencement of the prosecution." "It is plain," we explained there, at page 367, "that the arrest or the first step taken by the prosecuting officer towards bringing an offender to justice, whatever it may be, is the beginning of the prosecution." Subsequently, in *People* v. *Capestany*, 37 P.R.R. 547, 556 (1928), we said that from the moment the arrest is ordered, the machinery of justice is set in motion against the accused. In that case, as in the case at bar, the defendant's arrest was performed before the lapse of three years for the prescription of the criminal action and the information was filed after that time. We stated there, at pp. 555–556, in the light of the provisions of the positive law then in force, that:

"In Porto Rico when a complaint is made to the district attorney he begins an investigation of the case, acting as a committing magistrate, and if he finds sufficient grounds he orders the arrest of the accused, and it is from that moment that the machinery of justice is set in motion against a certain person,

734

and it seems logical in view of the statute that that should be the basic moment for a computation of prescription. If the warrant of arrest had not been issued, then the filing of the information should be considered."

Of course, nowadays it is not the prosecuting attorney who makes the determination of probable cause and who orders the arrest but a magistrate, although the argument and its raison d'être—after substituting the prosecuting attorney by the magistrate—remain the same. When the arrest is ordered the machinery of justice is set in motion against the accused. In *People* v. *Superior Court*, 84 P.R.R. 22, 25-26 (1961) after examining our decisions on that particular, we said the following:

"We have re-examined the question involved in this case and see no reason for disturbing the criterion announced more than half a century ago. The fundamental purpose of the provision fixing a prescriptive period is to inform the defendant in advance of the intention to prosecute him and of the nature of the offense charged, so as not to curtail his opportunity to defend himself before the evidence available to prove his innocence may disappear, or is obliterated by the lapse of time. At present, the filing of an information or complaint as well as the issuance of a warrant of arrest after a finding of probable cause complies with this purpose to delimit the nature of the offense and to identify the defendant properly. We add in passing that when the prescriptive period is interrupted by the issuance of a warrant of arrest, the latter must be diligently executed and that, unless there are special circumstances to prevent it, the lack of execution within a reasonable period may thwart the effects of the interruption.

The prevailing local rule has been sanctioned by the American Law Institute in its draft of the Model Penal Code. See §§ 1.07(5) and (6). An interpretation identical with ours has been adopted in those jurisdictions where a term for computing the commencement of the criminal prosecution is provided." (Citations.)

■ Rule 34(a) is a definition of the information but it does not seek to establish limitations to the prescription of

the offense. It can hardly be maintained that the machinery of the State is not set in motion against the accused until the day on which an information is formally filed and that nothing happens during the steps preceding determination of probable cause and arrest. *Miranda* v. *Arizona*, 384 U.S. 436, 477 (1966); *Escobedo* v. *Illinois*, 378 U.S. 478, 492 (1964).[1] We decide, then, the first point above-mentioned in the sense that the offense has not prescribed.

■ We turn now to the second question raised in this appeal: the classification of the offense. There is no doubt that it is a felony. Let us turn to the express letter of the law which creates the offense. It is § 145(b) of the Income Tax Act of 1954, 13 L.P.R.A. § 3145(b). It reads as follows:

"(b) Any person required under this subtitle to collect, account for, and pay over any tax imposed by this subtitle, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this subtitle or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than 5 years in the penal institution designated by the Secretary of Justice, or both, together with costs of prosecution."

As it may be seen the law itself considers the offense therein defined a felony and it is unnecessary and it would not be correct, to resort to any other statute to look for the classification of the offense. If this provision would be in conflict with the Penal Code, the above-cited § 145(b) would prevail because it is a special law (in contrast with

---

[1] "It is at this point (when the individual is first subjected to police interrogation while in custody at the station or otherwise deprived of his freedom of action in any way) that our adversary system of criminal proceedings commences . . . ." *Miranda* v. *Arizona, supra*. See also the next to the last paragraph of the opinion of the Court in *Escobedo* v. *Illinois, supra*.

the Code which is a general law), and because it is a law subsequent to the Code. But the fact is that there is no conflict between this law and the Penal Code. As it shall be seen, both provisions are reconcilable.

In its General Provisions the Code contains § 14, 33 L.P.R.A. § 35, wherein it establishes that a crime punishable "with death or by imprisonment in the penitentiary" is a felony. The anachronic reference in said section to the death penalty suffices to show the care we must exercise in handling this section when applying it judicially. This section also provides that all other crimes are misdemeanors and that "When a crime punishable by imprisonment in the penitentiary is also punishable by fine or imprisonment in jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary." This refers to those crimes which are not expressly defined as felonies or misdemeanors by the lawmaker upon creating them.

Those general provisions contained in the Codes are suppletory rules to help in the construction thereof in cases where there is no specific and express declaration of the lawmaker. Naturally, those general suppletory rules cannot destroy an express classification of the crime made by law. It should be borne in mind that the lawmaker decreed both the general suppletory provision as well as the subsequent specific and express provision. As it may be expected, the Code itself provides therefor. In its § 15, upon stating that every offense declared to be a felony is punishable by imprisonment in the penitentiary for a maximum term of five years, it makes the following exception: "Except in cases where a different punishment is prescribed." In good legal construction there is no doubt that the *special, subsequent* and *express* legislative declaration should prevail over a general and former provision. It should be thus de-

cided if there were conflict between those two provisions, but there is not.

Concerned as the trial court was in the instant case over the fact of whether the defendants were entitled to a trial by jury,[2] it made an unjustified application of our decision in *People* v. *Franceschi, supra*. In said case we made reference to certiorari No. 1864 entitled *Franceschi* v. *District Court*, decided by our Order of August 4, 1950. The situation was different. The case there dealt with § 77 of the Income Tax Act of 1924, as amended by Act No. 31 of April 12, 1941. Said section imposed fine or imprisonment. The Act involved therein was a different Act not identical with the one involved here and what was said there is not applicable to the above-cited § 145 (b) of the Income Tax Act of 1954, which is the one involved herein.[3]

The aforesaid § 145 (b) of the Act of 1954 declares the offense established therein a felony but instead of providing that its commission shall be punished with fine or imprisonment, it provides mandatorily that the convict shall be imprisoned for not more than 5 years in the penal institution designated by the Secretary of Justice. It is clear that the law as it is, is less onerous for the convict than if it made imprisonment in the penitentiary mandatory.

---

[2] In its Order of August 19, 1965, the respondent court expresses itself, in part, as follows:

"Since it is a case over which, by express provision of the Income Tax Act, the Superior Court has original and exclusive jurisdiction and at the time of the trial if it is in effect prosecuted as a felony there would exist the unquestionable right of the accused to be tried by jury, we believe that we must express ourselves on that particular, in the light of the statutory constructions which to date govern the matter in our jurisdiction."

[3] Moreover, in our Order of August 4, 1950, to which we made reference in *People* v. *Franceschi, supra*, we did not discuss the matter inasmuch as for the decision of that appeal we found that "the error is devoid of consequences."

In the case of the cited § 145 (b) of the Income Tax Act of 1954 it cannot be assumed that the classification of felony is an inadvertence of the lawmaker. Of course, in the first place and except for uncontrovertible evidence to the contrary, it must be assumed that the legislature meant to say what in effect it said. In the second place, the following circumstances show that the possibility of inadvertence should be rejected.

1. The penalty has been fixed in proportion to the seriousness of the offense. While the offense defined in subsection (b) of the said § 145 which is classified as felony may entail imprisonment for a *maximum* of five years, the one defined in subsection (a) of the same section is classified as misdemeanor and can only entail imprisonment for a maximum of one year.

2. The Federal Internal Revenue Code of 1939, from which our § 145 in force was copied almost verbatim, classifies the offenses referred to as misdemeanors and felonies, respectively, the same as in our Act. 26 U.S.C. § 145, 1952 ed. See 10 Mertens, Law of Federal Income Taxation 70, 1948 ed.

3. When the Income Tax Act of 1954 was approved, this Court had decided, for more than one year, the case of *People* v. *Franceschi, supra,* and it can be assumed that the lawmaker was aware of it. However, upon approving § 145 (b) of the new Act, the legislature specified the classification of felony for that offense.

Finally, to conclude that the offense is a misdemeanor, despite the fact that the legislature expressly classified it as felony, merely because it did not make mandatory the imprisonment in the penitentiary (neither was it mandatory in jail), would be tantamount to concluding that the legislature is precluded from establishing exceptions to the general rule afore-mentioned of § 14 of the Penal Code.

Such a conclusion, of course, would be absurd. Obviously, the legislature may not only create exceptions to its own § 14, but it may also repeal it. Already in *People* v. *Méndez*, 65 P.R.R. 660, 663 (1946) we had stated that ". . . the general distinction embodied in § 14 between a felony and a misdemeanor, does not apply here. The Legislature has chosen in this special case to provide, as it had every right to do."

It is well known that the function of classifying the offenses corresponds to the legislative bodies which create them. *Pueblo* v. *Méndez, supra; People* v. *Harvey*, 123 N.E.2d 81 (1954); *People* v. *Causley*, 300 N.W. 111 (1941); *Nation* v. *State*, 17 So. 521 (1944); *State* v. *Arris*, 115 Atl. 648 (1922); *State* v. *Krueger*, 217 S.W. 310 (1919). As to the classification of the offense, we decide, then, that it is a felony.

The Order of the Superior Court, San Juan Part, of August 19, 1965, will be set aside insofar as it decides that the offense defined in § 145(b) of the Income Tax Act of 1954 is a misdemeanor, and the Order of September 16 of the same year denying defendants' motion to dismiss on the ground that the offense has prescribed will be affirmed.