Arthur B. Curran, J.
This is a motion to dismiss the People’s information on three grounds contending: (1) that the complaint is more civil than criminal in nature; (2) that the statute, which is section 240.25 of the Penal Law — violation of *1024 harassment, is void for vagueness; and (3) that the statute is unconstitutional.
The defendant operates a tavern called Joe’s Log Cabin on Atlantic Avenue in the City of Rochester. The complainant, Frank Colosimo, resides at 15 Delaware Street, and alleges that his property abuts the premises known as Joe’s Log Cabin. The complaint alleges that the deponent and his patrons were repeatedly annoyed and harassed by the defendant making excessive noise, littering deponent’s yard, using abusive and obscene language near deponent’s home, and using abusive and obscene language to deponent. The complaint further specifies that on February 6, 1976, at about 10:15 p.m., loud noises from the tavern disturbed the deponent and his wife; that the police were called, who talked to the defendant; that the defendant lowered the volume and after the police left the defendant turned up the volume again; that this occurred several times, keeping deponent and his wife from sleeping.
The section under which the complaint is brought reads as follows: "Harassment. A person is guilty of harassment when, with the intent to harass, annoy or alarm another person; * * * (5) He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.” (Penal Law, § 240.25.) The court feels that the facts alleged in the complaint fall within the purview of this criminal violation, and while there may be civil remedies in addition, that this does not preclude the bringing of the criminal action.
The court has read the briefs submitted by defense counsel and the District Attorney. Neither brief cited any cases ruling directly on the constitutionality of this section. As a canon of general construction the courts are hesitant to strike down as unconstitutional legislative enactments. Annotated under this section is the case of People v Harvey (307 NY 588), which construed the prior section, section 720 of the Penal Law, disorderly conduct. Judge Desmond, who wrote the decision, denied defense counsel his contention that the disorderly section 720 was invalid for lack of objective standards (p 591). That section made reference to the Legislature prohibiting a person by any offensive or disorderly act or language annoying or interfering with another in a public place. While the harassment section was put into the Penal Law after the decision in the Harvey case, the language is similar except *1025 that harassment does not require that the conduct occur in a public place or cause public inconvenience, annoyance or alarm. The case of People v Todaro (26 NY2d 325) holds that a complaint charging harassment, like a complaint charging disorderly conduct, is sufficient if evidence establishes a violation of any one of the subdivisions of the harassment statute. The case of Galella v Onassis (487 F2d 986) held that a photographer’s conduct in harassing the President’s widow and children to obtain photographs of them went beyond reasonable bounds of news gathering, despite the fact that the widow was a public figure subject to news coverage.
Based upon the above, the court holds that the statute is not unconstitutional and that it is not too vague to be capable of enforcement. It is rather a question of evidence to be produced at the time of trial as to whether or not the conduct complained of meets the standards necessary to obtain a conviction under the harassment section (Penal Law, § 240.25). The motion of defense counsel is denied on all grounds.